[No. 1,056.]

## THE STATE OF NEVADA, EX REL. J. J. QUINN, *v.* THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT, RESPONDENT.

ASSAULT—FINE AND IMPRISONMENT—COSTS.—Relator was convicted of an assault. The judgment imposed a fine of five hundred dollars, taxed the costs at three hundred dollars and fifty cents, and ordered relator to be imprisoned, as by statute provided, for the fine: *Held,* that section 46 of the act concerning crimes and punishments (1 Comp. L. 2352), authorized the imposition of the fine, and section 674 of the criminal practice act (Id. 2299) authorized the judgment for costs.

IDEM—JUDGMENT, HOW ENFORCED.—Relator could be imprisoned for the fine. The judgment for costs can be enforced only by execution.

IDEM—COST BILL.—The criminal practice act does not provide for a cost bill. The court has the power to tax the costs from an examination of the fees charged by the respective officers.

CERTIORARI—LEGALITY OF COSTS—NOT REVIEWABLE.—If the court erred in allowing any costs that were not taxable against the relator, it was not an excess of jurisdiction, and its action, in this respect, can not be reviewed upon certiorari.

CERTIORARI before the Supreme Court.

The facts appear in the opinion.

*C. S. Varian,* for Relator:

The action of the court in allowing costs is reviewable by certiorari. There is no statute restricting the office of

the writ of certiorari, except in civil cases. The grant of power to this court, found in the constitution, relates to this remedy as it was at common law. At common law its office was to correct errors. (Bac. Abr., Title Certiorari; Blackstone, book 4, 320, 321; *People* v. *Turner*, 1 Cal. 152; *U. S.* v. *Young*, 4 Otto, 259; *Hyden* v. *State*, 40 Ga. 476; *Gilliam* v. *State*, 32 Id. 111; *Peters* v. *State*, 9 Id. 109.)

*M. A. Murphy*, Attorney General, for Respondent.

By the Court, HAWLEY, J.:

Relator contends that the district court exceeded its jurisdiction in rendering the following judgment: "Defendant, J. J. Quinn, having been duly convicted of the crime of an assault, it is hereby ordered, adjudged, and decreed that the said J. J. Quinn do pay a fine of five hundred dollars, gold coin, and costs of this action, amounting to three hundred dollars and fifty cents, making in all eight hundred dollars and fifty cents, gold coin; and it is further ordered that the defendant be confined in the common jail of Washoe county, Nevada, one day for each two dollars of said fine, so long as the whole, or any part thereof, shall remain unpaid."

From the views we entertain of this case, it is unnecessary to decide the question, argued by relator's counsel, whether the amendment to section 1 of the act in relation to fines (Stat. 1867, 44), as made in the amended act (Stat. 1869, 96), is unconstitutional or not. There are other sections of the statute, against which no objections have been urged, that gave the court authority to render the judgment. Section 46 of the act concerning crimes and punishments (1 Comp. L. 2352), authorized the imposition of the fine, and section 674 of the criminal practice act (1 Id. 2299), authorized the judgment for costs. The imprisonment of relator is only for the fine. He could not be imprisoned for the costs. (Const., art. 1, sec. 14; *Thompson* v. *State*, 16 Ind. 516.) The judgment for costs can only be enforced and collected in the same manner "as costs in civil cases," that is, by execution.

It is claimed that the court exceeded its jurisdiction in rendering judgment for the costs, because no cost·bill was regularly made out and filed, and because "a large proportion of the amount adjudged as costs  *  *  *  was for fees not allowed by law."

Although it would be a proper, and perhaps the better, practice to require the prosecution to make out a regular cost bill, in the same manner as is provided in civil cases, yet there is no provision of the criminal practice act requiring such a course to be pursued, and, in the absence of any statute regulating this matter, we think the court would have the right to determine the amount of costs, as it seems to have done in this case, from an examination of the fees charged by the respective officers.

The petition sets out, in detail, the fees allowed to the several officers which are claimed to be illegal.  It does not appear that any motion was made in the court below to correct any of these alleged irregularities.  We are of opinion that these questions can not be reviewed upon certiorari.

The question of the imposition of costs and the amount to be allowed was a proper matter for the court to consider. It had jurisdiction to determine what items of costs should be taxed.  If any error was made it could have been remedied by a proper motion in the district court.  Relator was entitled to have his day in court and to make any objections to the judgment for costs, or to the allowance of any illegal fees.  The fact that no cost bill was regularly filed did not deprive him of that right.  If the court erred in allowing any costs that were not taxable against the relator, it was not an excess of jurisdiction, and its action, in this respect, can not be reviewed upon certiorari.  (*In re* Wixom, 12 Nev. 219, and authorities there cited; *Petty* v. *County Court*, 45 Cal. 246.)

The writ must be dismissed.  It is so ordered.