[No. 11363. In Bank. — November 3, 1886.]

DEWITT C. RIDDELL, Appellant, v. JASPER HAR-
RELL, Respondent.

PLEADING — PROBATE OF WILL — AVERMENT OF. — An averment in a plead-
ing that a will was "probated by the Superior Court," is equivalent to
an averment that the will was admitted to probate by the judgment of
the Superior Court.

ID.— OWNERSHIP OF LAND DURING LIFETIME. — An averment that a given
person was "during his lifetime" the owner of a piece of land is equiva-
lent to an averment that he was the owner continuously throughout his
lifetime.

JUDGMENT — COSTS — FILING AND SERVICE OF MEMORANDUM ESSENTIAL. —
Under section 1033 of the Code of Civil Procedure, a judgment for costs
entered by the clerk, in the absence of the filing or service of a memo-
randum of costs on the opposite party, is without jurisdiction, and void.

ID. — PAYMENT OF EXCESS OF EXECUTION SALE — PRESUMPTION OF — ALLE-
GATION NEGATIVING. — The action was brought by a devisee to vacate a
judgment for costs rendered against his testator, and an execution sale
thereunder. The complaint alleged that neither the plaintiff nor his
testator had any knowledge, notice, information, or belief that any judg-
ment for costs had been entered, or that any cost bill had been filed, or
that any execution had been issued, or of any sale thereunder, or of any
certificate or deed by the sheriff. Held, that the allegation was sufficient
to negative any presumption that the sheriff had paid or tendered to the
plaintiff's testator the excess of the proceeds arising from the execution
sale.

ID. — RECEIPT OF EXCESS NOT PRESUMED. — The receipt by an execution
debtor of the excess of the proceeds arising from an execution sale will
not be presumed.

ID. — SALE ON EXECUTION — SEVERAL LOTS SOLD EN MASSE. — The mere fact
that several separate tracts of land belonging to an execution debtor
were sold at the execution sale en masse is not sufficient to render the sale
void.

APPEAL from a judgment of the Superior Court of
Tulare County.

The action was brought to set aside a judgment for
costs and an execution sale thereunder. The further
facts are stated in the opinion of the court.

*I. N. Thorne,* for Appellant.

*Alfred Daggett,* for Respondent.

McKINSTRY, J.—The court below sustained the defendant's demurrer to the complaint, which is as follows:—

"The plaintiff complains and alleges:—

"1. That Speer Riddell, his brother, lately deceased, was during his life-time the owner in fee of certain real estate situate, lying, and being in the county of Tulare, and state of California, particularly described as follows: South half of section 20, township 17 south, range 24 east; north half of south half, and north half of south half of south half of section 21, township 17 south, range 24 east; all of section 29, township 17 south, range 24 east; south half of section 30, township 17 south, range 24 east, Mount Diablo base and meridian.

"2. And plaintiff further says that the said Speer Riddell departed this life on the twenty-third day of October, 1884, leaving no wife or descendants, and leaving a last will and testament, which has been duly probated by the Superior Court of the city and county of San Francisco, where said Speer Riddell resided and owned property at the time of his decease, wherein and whereby the said Speer Riddell devised to this plaintiff the whole of his estate, real and personal, subject only to the payment of certain small legacies, neither of them exceeding the sum of one hundred dollars, and not exceeding in the aggregate the sum of three hundred dollars, and by reason whereof this plaintiff became, was, and is the owner of and seised of all the real estate whereof the said Speer Riddell was the owner as aforesaid at the time of his decease.

"3. And the plaintiff further says that the said Speer Riddell, prior to his decease, was interpleaded with one Jasper Harrell in a suit commenced by the said Jasper Harrell against the said Speer Riddell and others, his tenants, in the Superior Court of Tulare County, for the recovery of certain real estate situate in the said county of Tulare, other and different from the land and prem-

ises hereinbefore described, and that such proceedings were had in such suit that judgment was rendered in favor of said Harrell and against the said Speer Riddell and others, defendants, for the recovery of the premises sued for, to which judgment, as recorded in the judgment-book, there was added without authority by the clerk of said court a further judgment as for costs of $113.50. But that the copy of the judgment as recorded attached to the judgment roll did not contain the said sum added as for costs, but left a blank, a copy of which said judgment as recorded is hereto annexed and marked schedule A, and which is made a part of this complaint.

"4. And plaintiff further says that that part of the aforesaid judgment as for costs was added by the clerk of said court without authority of law and in violation of the statute relating to costs and the entry of judgment therefor. And he further says that said cause was tried in said court before the judge sitting without a jury, and judgment rendered in favor of the plaintiff and against the defendants for the recovery of the land sued for and costs; that since said trial and decision no bill of costs or copy thereof was served on the attorneys for the defendants or either of them, or upon said defendants or either of them, nor was there any admission or pretended admission of the service of a bill of costs, or a copy thereof, nor any affidavit or service upon defendants or either of them, or upon defendants' attorneys or either of them, or any proof of service of any bill of costs upon them or either of them, presented to, or filed with, or made before the clerk of said court, whereby the said clerk could have or acquire power or jurisdiction to add to or include as a part of said judgment the amount of any bill of costs, or any amount for any such purpose.

"5. And this plaintiff further says that afterward, to wit, on the thirteenth day of March, 1884, the said plaintiff, Jasper Harrell, caused an execution to be issued in

said case out of and under the seal of said court, directed to the sheriff in Tulare County, commanding him to make $113.50 (being the amount alleged as costs in said judgment) out of the property of the defendants; that thereafter said sheriff, under and by virtue of said execution, levied upon and advertised for sale four well-known and separate and distinct parcels or lots of land, and so described in said levy and notice of sale belonging to the defendant Speer Riddell, and being the same property hereinbefore described; and on the nineteenth day of April, 1884, the said sheriff fraudulently, in violence of his duty and contrary to law, sold the said four well-known, separate, and distinct parcels or lots of land *en masse* for four hundred dollars to Jasper Harrell, plaintiff in said suit, as is shown by said execution and sheriff's return indorsed thereon, now on file in said cause, copy of which is hereto attached, marked schedule B, and which is made part hereof; and that on the day last named the said sheriff made, executed, and delivered to said Jasper Harrell his certificate of sale, showing that he had sold the said four well-known, separate, and distinct parcels or lots of land *en masse* to said Harrell for four hundred dollars, and each of said parcels or lots of land is herein separately described, as in said levy and notice of sale, and the same was filed for record in the county recorder's office of Tulare County on the thirtieth day of June, 1884, copy of which is hereto attached, marked schedule C, and which is made part hereof.

"And the plaintiff further says that W. F. Martin, said sheriff of Tulare County, on the twenty-third day of October, 1884, made and executed on the thirteenth day of November, 1884, acknowledged and delivered to said Jasper Harrell his deed, purporting in consideration of four hundred dollars to convey to said Harrell all the right, title, and interest of the said defendants in and to four well-known, separate, and distinct parcels or lots of land, same as hereinbefore described, and on the

day last-named the same was filed for record in the
county recorder's office of Tulare County, to which refer-
ence is hereby made, and which is hereby made part
hereof.

"6. And plaintiff further says that neither the attor-
neys of said defendants, nor either of them, nor the
defendants, nor either of them, nor the plaintiff in this
suit, had any knowledge, notice, information, or belief
that any amount as for costs had ever been added to or
included in the judgment made and entered in said
cause, or that any cost bill had ever been filed by said
plaintiff or his attorney with the clerk of said court, or
that any execution had been issued in said cause, or that
any sheriff's sale under execution of any property of
any of the defendants had been made, or that the sheriff
of Tulare County had made any certificate of sale of any
such property, or had made any sheriff's deed of any
such property to any person whatever, until the seven-
teenth day of November, this present month and year,
when said facts first accidentally became known to this
plaintiff.

"7. And said plaintiff further alleges that the said
four parcels or lots of land are now and were at the time
of said levy and sale greatly in excess in value of the
said supposed judgment for costs, and that each parcel
or lot of said land now is and was at the several
times last aforesaid largely in excess in value of the
amount of said costs, and would have sold at a fair and
honest sale for more than enough to pay said alleged
judgment for costs, and that the aggregate value of said
four parcels or lots of land was at the several times last
aforesaid, and is now, the just and full sum of twenty-five
thousand dollars; wherefore, plaintiff prays," etc.

We think the complaint is not one to be commended
as a model pleading, but are compelled to hold it not
fatally defective.

1. It is contended by respondent that the demurrer

was properly sustained because there is no sufficient allegation that plaintiff ever had any interest in or title to the lands described in the complaint. The complaint avers that Speer Riddell died, leaving a last will and testament wherein and whereby he devised to the plaintiff the whole of his estate, real and personal. But it is said there is no allegation that the will was proved or established by the decree of a court of competent jurisdiction. The complaint avers that the will "has been duly probated by the Superior Court of the city and county of San Francisco, where the said Speer Riddell resided and owned property at the time of his decease." If the judgment admitting the will to probate is pleaded at all, the Code of Civil Procedure only requires the prefix "duly." (Sec. 456.) The real question then is, whether an averment that the will was "probated by the Superior Court" is in effect an averment that the will was admitted to probate by the judgment of the Superior Court. As a will can only be admitted to probate by a judgment, an averment that a will was admitted to probate by the Superior Court having jurisdiction to make and enter the judgment, is an averment of the judgment. It would be difficult to distinguish between an allegation that the will was probated "by" the Superior Court, and one that it was admitted to probate by that court. The verbalizing of the word "probate" ought not to take from the intended meaning.

2. It is urged the complaint contains no averment that Speer Riddell had any interest in the lands described in the complaint at the time of his death. The averment is that Speer Riddell was "during his lifetime" the owner, etc. This is a statement that he was the owner continuously throughout his lifetime.

3. The respondent insists the complaint shows that the judgment in *Harrell* v. *Riddell* was a valid judgment, and the execution sale valid.

Sections 510 and 511 of the former Practice Act provided: —

" Sec. 510. The party in whose favor judgment is rendered, and who claims his costs, shall deliver to the clerk of the court a memorandum of the items of the costs to which he is entitled. He may include in the costs. . . . . The memorandum shall be accompanied by the affidavit of the party. . . . . The memorandum and affidavit shall be delivered to the clerk within twenty-four hours after the rendition of the verdict, or the costs shall be deemed waived.

" Sec. 511. The clerk shall include in the judgment entered up by him the costs, the percentage allowed, and any interest on the verdict from the time it was rendered." (Stats. 1851, pp. 131, 132.)

In *Chapin* v. *Broder,* 16 Cal. 418, it was held that the insertion of a sum as costs in a judgment by the clerk was a mere ministerial act, depending entirely on the filing of a memorandum for its authority, and that the judgment, so far as the costs were concerned, was void unless based on a memorandum filed; that a party who failed to comply with the statute by filing his memorandum waived all claim for costs.

Sections 1033 and 1035 of the Code of Civil Procedure read:—

" Sec. 1033. The party in whose favor the judgment is rendered, and *who claims his costs,* must deliver to the clerk, and serve upon the adverse party, within five days after the verdict or notice of the decision of the court or referee,— or, if the entry of the judgment on the verdict, or decision be stayed, then before such entry is made, —a memorandum of the items of his costs and necessary disbursements in the action or proceeding, which memorandum must be verified by the oath of the party, or his attorney or agent, or by the clerk of his attorney, stating. . . . . A party dissatisfied with the costs claimed may, within five days after notice of filing of the bill of costs, file a motion to have the same taxed by the court in which the judgment was rendered, or by the judge thereof at chambers."

" Sec. 1035. The clerk must include in the judgment entered up by him any interest on the verdict or decision of the court from the time it was rendered or made, and the costs, if the same have been taxed or ascertained; and he must, within two days after the same are taxed or ascertained, if not included in the judgment, insert the same in a blank left in the judgment for that purpose."

If the insertion of costs in the judgment is merely the ministerial act of the clerk,—an act which can be performed only in the cases in which the statute allows it, —the judgment for costs is void, as well when the memorandum has not been served on the opposite party as when no memorandum has been filed.

The omission from section 1033 of the Code of Civil Procedure of the clause in section 510 of the Practice Act, which provided that a failure by the prevailing party to file his memorandum of costs within the time limited should be deemed a waiver of his costs, is not a material circumstance. The code contemplates that such shall be the result, since the only costs which the clerk is authorized to insert are those *claimed,* and " taxed or ascertained," in the manner provided.

4. It is said plaintiff, as successor in interest of Speer Riddell, is estopped from seeking relief in equity, because the latter ratified the sheriff's sale by receiving from the officer the excess of the proceeds of the sale beyond the amount of the judgment and the accruing costs. It does not appear from the complaint that Speer Riddell received, or that there was tendered to him, any part of the proceeds of the sale. And even if it should be conceded that there would be any presumption that the sheriff paid or tendered such excess to Speer Riddell, the defendant in execution,—in other words, a presumption that the officer discharged his duty, — this would be met by the averment in the complaint that neither Speer Riddell nor plaintiff had any knowledge, notice, infor-

mation, or belief that any amount as for costs had been inserted in the judgment, or that any cost bill had ever been filed, or that any execution had ever been issued, or of any sale thereunder, or of any certificate or deed by the sheriff, until the 17th of November, 1875. Moreover, if defendant here could rely on a presumption that the sheriff did his duty, that officer fully discharged his duty by tendering the excess of the proceeds of the sale, if any excess there was, to Speer Riddell. There is no presumption that Speer Riddell received the money.

5. The mere fact that several separate tracts were sold together by the sheriff would not constitute a cause of action.

6. Respondent relies upon the omission to allege that the amount of costs inserted by the clerk was not justly due as costs; but if the service of the memorandum is a jurisdictional fact, and the claim of the plaintiff to any costs existed, as an enforceable claim, only after the statute was complied with, no sum was legally due for costs when the clerk inserted a sum in the judgment.

Judgment reversed and cause remanded, with instructions to the court below to overrule the demurrer, with leave to the defendant to answer.

SHARPSTEIN, J., MYRICK, J., MCKEE, J., MORRISON, C. J., and THORNTON, J., concurred.

Rehearing denied.