[No. 1463.]

STATE OF NEVADA, EX REL. WILLIAM THOMPSON, PETITIONER, v. SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, COUNTY OF WASHOE, HON. A. E. CHENEY, JUDGE, RESPONDENT.

CERTIORARI—WHEN LIES—JURISDICTION OF COURT—COSTS.—Stats. 1869, p. 196, amended by Stats. 1873, p. 101 (Gen. Stats., sec. 582), declares that the district court may regulate the practice in cases appealed thereto in all respects not provided for by statute, providing that appellant, unless he recover a judgment more favorable to himself than that appealed from, shall pay the costs of respondent on appeal; but that, whenever the appellate judge shall be satisfied that appellant had reasonable grounds for his appeal, he may order costs to be taxed against respondent, or may apportion the same between the parties. Gen. Stats., sec. 3464, provides that the review in *certiorari* shall not be extended further than to determine whether the inferior tribunal has regularly pursued its authority: *Held,* that since the district court has jurisdiction of the question of costs under the former section, error in allowing any costs not properly taxable against a party cannot be reviewed on *certiorari.*

ORIGINAL PROCEEDING. Application for writ of *certiorari* by William Thompson to the Second Judicial District Court of the State of Nevada, in and for Washoe county; *A. E. Cheney*, District Judge. Writ dismissed.

The facts sufficiently appear in the opinion.

*R. M. Clarke* and *T. V. Julien*, for Petitioner.

*Curler & Curler*, for Respondent:

I. *Certiorari* will not be allowed to usurp the functions of a writ of error, but will be restricted to inquiries of jurisdiction. (Gen. Stats. 3464; 4 Ency. of Pleading and Practice, 127; *Phillips* v. *Welch*, 12 Nev. 158; *Fall* v. *Commissioners*, 6 Nev. 100; *Buckley* v. *Superior Court*, 96 Cal. 119.)

II. The court, respondent herein, had jurisdiction to hear and determine petitioner's motion. (*State ex rel. Quinn* v. *District Court*, 16 Nev. 76; *Petty* v. *County Court*, 45 Cal. 245; *Dezerille* v. *Superior Court*, 59 Cal. 180.)

III. The court, respondent herein, having had jurisdiction to hear and decide the motion, it is entirely immaterial, for the purposes of this proceeding, whether its decision is correct or erroneous. (*Phillips* v. *Welch*, 12 Nev. 158; *In re Wixom*, 12 Nev. 219; *State ex rel. Quinn* v. *District Court*, 16 Nev. 76; *Sherer* v. *Superior Court*, 96 Cal. 653; *History Co.* v. *Light*, 97 Cal. 56.)

IV. Had the two items of $50 each been stricken from the complaint, without any qualification, any future action upon them against petitioner would have been barred and the judgment of the district court would have been $100 more favorable to petitioner than was the judgment of the justice court, but the items having been stricken out without prejudice, it does not necessarily follow that petitioner's liability was diminished by the judgment of the district court.

V. Respondent submits that both in terms and in spirit the statute is as follows: (1) If the judgment is not reduced on appeal, the appellant loses his own costs and shall pay respondent's costs. (2) If the judgment appealed from is reduced, the appellant may recover his costs on appeal and respondent may lose his costs on appeal. (3) That in all cases where the judge is satisfied from the evidence that the

appeal was taken in good faith to promote justice, the costs may be taxed against respondent or may be apportioned between the parties.

By the Court, BELKNAP, J.:

Torreyson & Summerfield recovered judgment against William Thompson for $298 25 in justice's court of Reno township. Thompson appealed to the district court.

Upon the appeal plaintiffs recovered judgment for the sum of $198 25. The district court apportioned the costs between the parties. Relator claims that the action of the court in the matter of costs was in excess of its jurisdiction, and at his instance a writ of *certiorari* has been issued to review its action.

The section of the statute touching appeals from justice's courts is as follows:

"Section 582. All causes appealed to the district court shall be tried anew in said court, and said court may regulate by rule the practice in such cases in all respects not provided for by statute; *provided*, that the appellant shall in no case recover from respondent the cost incurred on appeal, unless he recover in the district court a judgment more favorable to himself than the judgment appealed from, but shall, unless he recover in the district court a judgment more favorable to himself than the judgment appealed from, pay the costs of respondent on appeal; and if such judgment be a money judgment in favor of appellant, and of sufficient amount to cover respondent's costs, such costs shall be deducted from said judgment; and in all other cases respondent shall have judgment against the appellant for the amount of his costs so incurred; *provided*, that whenever the judge of the appellate court shall be satisfied from the evidence that the appellant had reasonable grounds for his appeal, and that such appeal was taken in good faith for the sole purpose of promoting the ends of justice, such judge may then order such costs to be taxed against the respondent, or may apportion the costs between the parties in such manner as will be just." (Stats. 1873, p. 101.)

The statute relating to the writ of *certiorari* declares that "the review upon this writ shall not be extended further

than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer." (Gen. Stats., 3464.)

Following this statute, we have no power to determine any other question than the jurisdictional one. It is plain that, under the provisions of section 582, above quoted, and under which the court evidently acted, it had jurisdiction of the question of costs, and if it erred in allowing any costs that were not taxable against the relator, it was not an excess of jurisdiction, and its action cannot be reviewed upon *certiorari.* (*In re Wixom,* 12 Nev. 219; *State* v. *Dist. Court,* 16 Nev. 76.)

The writ, therefore, should be dismissed, and it is so ordered.