[No. 1601.]

THE STATE OF NEVADA, EX REL. M. COHN, PETITIONER, *v.* THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, ORMSBY COUNTY, AND HON. C. E. MACK, JUDGE THEREOF, ET AL, RESPONDENTS.

COSTS—APPEAL TO DISTRICT COURT—MORE FAVORABLE JUDGMENT—DISCRETION OF COURT—COST BILL—AMENDMENT—CERTIORARI. I. On *certiorari* to review an order in the district court requiring that each of the parties to an action appealed to such court from a justice pay their own costs in both courts, and one-half the costs of the appeal, and one-half the jury's fees in the district court, the only question which can be considered is whether the district court had jurisdiction to make the order sought to be annulled.

2. Under civil practice act, sec. 582 (Comp. Laws 3677), providing that a party appealing to the district court "shall in no case recover from respondent the cost incurred on appeal unless he recover in the district court a judgment more favorable to himself than the judgment appealed from," etc., a party appealing to the district court from a justice's judgment, and there obtaining a reduction of such judgment, is not entitled to costs as a matter of right, but the question whether such reduced judgment is more favorable to him is a question for the sound discretion of the district court, not reviewable on *certiorari*.

3. Where a party to an action in the district court has filed his cost bill within the time limited by law, and the matter of the allowance of costs still remains in the hands of the court under a motion to retax or strike out, the court has the power, under civil practice act, sec. 68 (Comp. Laws, 3163), authorizing amendments in its proceedings, to permit the cost bill to be amended so as to include the jury fees incurred in such court.

APPEAL from the First Judicial District Court, Ormsby County; *C. E. Mack*, Judge.

*Certiorari* by the State, on the relation of M. Cohn, to review an order in the District Court requiring that each

party to an action by one Anderson against Cohn, appealed to the district court from a justice, pay his own costs in both courts, one-half the costs of perfecting the appeal, and one-half of the jury fees in the district court. **Order below affirmed.**

The facts sufficiently appear in the opinion.

*Trenmor Coffin*, for Petitioner:

I. Section 3569, Compiled Laws, is as follows: "The measure and mode of compensation of attorneys and counselors shall be left to the agreement, express or implied, of the parties, but there shall be allowed to the prevailing party in any action in the supreme and district courts, his costs and necessary disbursements, in the action or special proceedings in the nature of an action." The action was tried *de novo* in the district court and falls within Section 3569, Comp. Laws, and by reducing the judgment appealed from, to the extent and amount of $25, petitioner became the prevailing party. (Ency. Pl. & Pr. vol. 5, pp. 205–7, and notes and authorities; *Jones* v. *Spencer*, 36 Ark. 82; *Waterhouse* v. *Cousins*, 40 Me. 331; *Park* v. *Sweeney*, 39 Pa. St. 111; *Parham* v. *Gibbs*, 16 Lea, Tenn. 297; *Best* v. *Dean*, 8 Iowa, 519.) See Sections 1811 and 2345 of the Iowa code, which are substantially the same as Sections 3569 and 3677 of our Compiled Laws.

II. We maintain that in the class of cases wherein the appellant, appealing from a money judgment in a justice's court, secures in the district court a judgment substantially more favorable to himself than the judgment appealed from, he is entitled as a matter of statutory right to his costs on appeal, and that the district court has no jurisdiction or power to deny him these costs nor render judgment against him for any part of the appellee's costs on appeal. We have not overlooked *State* v. *District Court*, 23 Nev. 243, upon which respondents rely. In that case there must be, in the decision of this court, an implied finding that the judgment rendered in the district court was not substantially more favorable to appellant than the judgment appealed from.

III. "The forcible expression, that the power to decide necessarily carries with it the power to decide wrongly as well

as rightly," carries with it the exception and qualification, "that the court can render only such judgment as does not transcend in extent or character the law which is applicable to that class of cases." (12 Ency. Pl. & Prac. 119–20.)

IV. The review of the errors of an inferior court or tribunal upon the question of its own jurisdiction is the very gist of the function of *certiorari*. The principle contended for by petitioner was decided by this court in *State* v. *Washoe County*, 14 Nev. 66, 70.

V. Respondents exceeded their power and jurisdiction in rendering and entering judgment for jury fees as costs when no cost bill for jury fees had been filed. The filing of a cost bill is the foundation for, and a prerequisite to, the court's power and jurisdiction to enter judgment for costs. (Comp. Laws, 3581.) Costs were not recoverable at common law. *McDonald* v. *Evans*, 3 Or. 445; *Wood* v. *Fitzgerald*, 3 Or. 583–4; 5 Ency. Pl. & Prac. "Costs," p. 110; *Orr* v. *Haskell*, 2 Mont. 353–4.)

VI. The right to recover costs is a statutory right, and the statute giving the right must be strictly followed, or costs cannot be recovered. Costs can only be recovered by a strict compliance with the practice act. (*Orr* v. *Haskell*, 2 Mont. 350, 354; *Jackson* v. *Seglin*, 10 Or. 93; Dwarris on Statutes, 253.)

VII. An attempt was made, upon motion and affidavit, to amend the cost bill that was filed for clerk's costs and witness fees, by inserting $72 jury fees, but it is alleged and admitted that this attempt was not made until after the time for filing a cost bill had expired, without any renewal or extension of the time. Under these circumstances, the court completely lost jurisdiction of the subject matter of jury fees as costs. (*Elder* v. *Frevert*, 18 Nev. 278; *Clarke* v. *Strauss*, 11 Nev. 79; *Bear River Co.* v. *Boles*, 24 Cal. 354.)

*Alfred Chartz*, for Respondents:

I. Sections 3569, 3677 and 3163 and 3470, General Laws of Nevada, compilation of 1900, should be read together, and the intention of the legislature should be considered, and any conflict, if any, harmonized according to common sense.

II.   The authorities are not in accord with the meaning of
the words "more favorable judgment," but the stronger and
better reasoning seems to be that the words "more favorable
judgment" mean a substantially more favorable judgment,
and that what constitutes a more favorable judgment depends
upon the facts and circumstances of the particular case.   These
facts and circumstances cannot be brought before this court
for review in the absence of any provision therefor.

III.   Petitioner did not recover a substantially more favor-
able judgment.   (*Baxter & Co.* v. *Scoland*, 2 Wash. Ter. 88;
*Winnecoop* v. *Halbut*, 42 Barb. 266; 5 Ency. Pl. & Pr. 195.)

IV.   The lower court had jurisdiction to award the costs.
"Jurisdiction, as applied to a particular claim or controversy,
is the power to hear and determine that controversy." (*Phil-
lips* v. *Welch*, 12 Nev. 176.)

V.   As to the jurisdiction of district judges to award costs,
see:   *In re Wixom*, 12 Nev. 219; 16 Nev. 76; 45 Cal. 246; 23
Nev. 243.

By the Court, MASSEY, C. J.:

One Anderson recovered a judgment in the justice's court
of Ormsby county for $224.

Upon appeal to the district court by the relator, and a
retrial of the cause, the judgment was reduced to $199.   Each
party filed cost bills, claiming costs in the district court; and
each, by motion, asked that the cost bill of the adverse party
be stricken out.   Upon the hearing of these motions the court
ordered that each party pay his own costs in the district
court and justice court, and one-half the costs of perfecting
the appeal, and one-half of the jury fees in the district court.
Pending the motions to strike out, Anderson asked and was
granted leave to amend his cost bill by inserting therein the
jury fees in the district court, claimed to have been omitted
therefrom by inadvertence and mistake.   The relator claims,
under the facts, that the district court exceeded its jurisdic-
tion in making the order, and brings *certiorari* to review the
same.

Under our statute and numerous decisions of the court,
the only question which can be inquired into in this proceed-
ing is whether the district court had the jurisdiction to make

the order sought to be annulled, and this question must be determined by the provisions of Section 582 of our civil practice act (Comp. Laws, 3677).

This section reads as follows: "All causes appealed to the district court shall be tried anew in said court, and said court may regulate by rule the practice in such cases in all respects not provided for by statute; *provided*, that the appellant shall in no case recover from respondent the cost incurred on appeal, unless he recover in the district court a judgment more favorable to himself than the judgment appealed from; but shall, unless he recover in the district court a judgment more favorable to himself than the judgment appealed from, pay the cost of respondent on appeal; * * * and in all other cases respondent shall have judgment against the appellant for the amount of the costs so incurred; *provided*, that whenever the judge of the appellate court shall be satisfied from the evidence that the appellant had reasonable grounds for his appeal, and that such appeal was taken in good faith for the sole purpose of promoting the ends of justice such judge may then order such costs to be taxed against the respondent or may apportion the costs between the parties in such manner as will be just."

The relator contends that the judgment recovered in the district court was "more favorable" to him than the judgment from which he appealed, and therefore, under the provisions of Section 582, *supra*, he was entitled to costs as a matter of right, and that the court had no power to apportion the costs, as it did, under the last proviso of the section.

As we view the matter, the words "more favorable," used in the statute, have no precise or exact meaning. The reduction of a judgment on appeal by a certain amount in one case might be "more favorable," within the meaning of the statute; and the reduction of a judgment in another case by the same amount might not be "more favorable," within the meaning of that term. Hence it is uncertain in its meaning, and is to be construed with reference to the facts of the particular case.

It therefore necessarily follows that whether or not a judgment is "more favorable" in the particular case, within the meaning of the statute, is a question to be determined by

the tribunal having jurisdiction of the matter.

The statute not having fixed the amount of the enhancement or reduction of the judgment necessary to carry costs, it follows that in each particular case the amount of such enhancement or reduction sufficient to make the judgment more favorable must be left to the sound discretion of the district court. (*State* v. *Second Judicial Dist. Ct.*, 23 Nev. 243, 45 Pac. 467; *Baxter* v. *Scoland*, 2 Wash. T. 86.)

That this power is one subject to abuse does not militate against its existence, or give to this court any authority to correct such abuse.

The relator also contends that Anderson not having claimed the jury fees in his original cost bill, and until after the time in which cost bills are required to be filed, the court exceeded its jurisdiction in permitting the cost bill to be amended so as to include these items.

While it has been decided, and undoubtedly correctly so, that failure to file the cost bill within the time limited by the statute operates as a waiver of costs, we are unable to see why, where a cost bill has been filed within the time limited, and the matter of the allowance of costs still remains in the hands of the court under the motion to retax or strike out, the court should not, under the provisions of Section 68 of our civil practice act (Comp. Laws, 3163), in furtherance of justice, upon a proper showing, allow the amendment. The court still had jurisdiction of the matter at the time the amendment was asked and allowed. (*Burnham* v. *Hays*, 58 Am. Dec. 391.)

The proceedings of the district court must therefore be affirmed.