[No. 1900]

## HERRING – HALL – MARVIN SAFE COMPANY (A CORPORATION), APPELLANT, *v.* LETSON BALLIET, RESPONDENT.

[145 Pac. 941; 190 Pac. 76]

ON REHEARING

1. COSTS—OFFER OF JUDGMENT AS TO UNDISPUTED PART OF CLAIM MAKES COST DEPENDENT UPON RESULT OF DISPUTED PART.

When plaintiff unites in the same action a claim that is not disputed with one that is, defendant may remove from the controversy the undisputed claim by offer of judgment, as authorized by Comp. Laws, 3470, and thus make the subsequent costs of the litigation depend upon the result of the litigation in regard to the disputed claim.

2. COSTS—OFFER OF JUDGMENT NEED NOT INCLUDE COSTS.

Offer of judgment under Comp. Laws, 3470, need not include costs.

3. COSTS—OFFER OF JUDGMENT DOES NOT AFFECT COSTS ACCRUING PRIOR TO OFFER.

Although plaintiff failed to obtain a more favorable judgment than offered by defendant, plaintiff was entitled to accrued costs up to the time of the making of the offer.

4. APPEAL AND ERROR—WHETHER JUDGMENT "MORE FAVORABLE" THAN THAT OFFERED, AS AFFECTING COSTS, WITHIN DISCRETIONARY DETERMINATION OF COURT OF JURISDICTION.

Whether judgment recovered was "more favorable" than judgment offered by defendant, within the meaning of Comp. Laws, 3470, as to offer of judgment as affecting costs is to be determined by the tribunal having jurisdiction of the matter, and the exercise of the district court's sound discretion in this respect will not be disturbed, although the supreme court is not without power to correct abuse thereof.

APPEAL from Fifth Judicial District Court, Nye County; *Mark R. Averill,* Judge.

**Former opinion (38 Nev. 164) adhered to, with modification as to costs.**

*McIntosh & Cooke* and *H. R. Cooke,* for Appellant.

By the Court, SANDERS, J.:

This case was commenced in the lower court in 1908. It was appealed to this court in 1910. The judgment and order appealed from was affirmed on January 2, 1915. See opinion, 38 Nev. 164. Upon the application of the losing party a rehearing was granted in March, 1915. The matter of rehearing slumbered on the calendar of this court until December, 1919, and was presumably brought to a hearing because of an order directed to the parties to show cause why the case should not be stricken from the trial calendar.

No member of this court as it is at present constituted participated in the opinion. The transcript consists of more than 800 pages. The cause appears to have been submitted upon full and exhaustive briefs covering every step in the proceedings. Ordinarily, unless limited or restricted by order, a rehearing opens up the entire case; but in this instance we are justified in confining this opinion on rehearing to the points raised in the petition for rehearing.

It is pointed out in the petition that the court neglected to pass upon and decide two vital points necessary for a complete disposition of the case. One is that the court neglected and failed to decide which of the parties is entitled to costs of trial in the district court; and the other: Did the trial court err in giving a certain instruction over the objection of plaintiff, and duly excepted to at the time?

1. The question of costs involves the construction and application of section 3470, Cutting's Compiled Laws of Nevada, the statute in force when the cause was tried in the court below. When the plaintiff unites in the

same action, as it did in the present case, a claim that is not disputed with one that is, the defendant may remove from the controversy the undisputed claim by the offer of judgment, as authorized by said section 3470, and thus make the subsequent costs of the litigation depend upon the result of the litigation in regard to the disputed claim. The defendant by his answer in this case offered to allow plaintiff to take judgment against him for the sum of $616, less the sum of $42.80, for and on account of the second cause of action set forth in the complaint. The plaintiff did not accept the offer. By proceeding to trial it in effect elected not to accept, and evidently was content to take the chance of obtaining upon the trial a more favorable judgment than that offered. The verdict of the jury is for the sum of $573.20, with interest thereon at the legal rate from June 8, 1908, and that the plaintiff take nothing by his first cause of action, and that the defendant have his costs and disbursements, taxed at $.............. Both parties filed with the clerk a memorandum of costs. Each moved to strike the cost bill of the other. The plaintiff's memorandum amounted to $547.05, and the defendant's to the sum of $563.05. The court struck plaintiff's cost bill, and, with certain deductions, allowed that of the defendant.

2. It is contended that the so-called offer to allow judgment was ineffectual, because it did not tender or include costs. The statute contains no such requirement. It is enough that the offer contains a sum for which judgment is to be entered, and, if the plaintiff fail to obtain a more favorable judgment, he shall not recover costs, but shall pay the defendant's costs from the time of the offer. Hammond v. N. P. R. R. Co., 23 Or. 157, 31 Pac. 299; Megrath v. Van Wyck, 5 N. Y. Super. Ct. 750.

3. It is further objected that the court disallowed to plaintiff the accrued costs up to the time of the making of the offer, amounting to the sum of $26. This was error. Douthitt v. Finch, 84 Cal. 214, 24 Pac. 929; 5 Standard Ency. Proc. 871, note 19.

4. Appellant contends that the judgment which was

recovered was "more favorable" to it than the judgment offered. Therefore it is entitled to its costs as a matter of right. Whether or not a judgment is "more favorable" in the particular case, within the meaning of the statute, is a question to be determined by the tribunal having jurisdiction of the matter. State v. District Court, 26 Nev. 253, 66 Pac. 743. It is true the court in the case cited had under review a statute relative to the power and authority of the district court on an appeal from a justice of the peace. No good reason appears why the same reasoning should not be applied to the statute in question. We are of the opinion that the term "more favorable" must be construed with reference to the facts and circumstances of each particular case. While we do not go to the extent of holding that this court is without power or authority to correct an abuse of the power conferred by the statute, we do hold that whether or not a judgment is "more favorable" in the particular case must be left to the sound discretion of the district court. Without reviewing the facts, we conclude to accept the lower court's version of the judgment that it is not more favorable to the plaintiff than to the defendant.

The instruction complained of reads as follows:

"The jury is instructed that, where one sells an article of his own manufacture, he thereby warrants it to be free from any latent defect not disclosed to the buyer arising from the process of manufacture; and if you believe from the evidence in this case that plaintiff was the manufacturer of the safe, which is the subject-matter of this action, and that said plaintiff sold said safe under an order therefor from defendant, which safe was by him intended to be, and was, used for the ordinary and usual purposes for which safes are used, then plaintiff warranted by the sale of said safe that said safe was reasonably fit for purpose and use."

If we clearly interpret the position taken by counsel, it is his contention that the instruction is not applicable to the case in any of its phases, and is a mere

abstract statement of the law. Whether an abstract instruction calls for a reversal of the case depends upon whether as a result of the instruction prejudice resulted to the complaining party. We are not prepared to say that the instruction was calculated to mislead the jury and affect their conclusion upon the issue of express warranty.

Entertaining these views, we are of the opinion that the judgment and order appealed from should be affirmed, and that the defendant's costs should be reduced, by crediting the plaintiff with the sum of $26, the amount of its accrued costs before the time of the offer of judgment was made.

It is so ordered.