No. 2603

## Ex Rel. Wolf *v.* JUSTICE OF THE PEACE

March 5, 1924.                                    223 Pac. 821.

1. Costs—Failure to File Cost Bill Precludes Judgment for Same by Justice of the Peace.

Failure to file a cost bill, showing necessary disbursements as required by practice act, sec. 836, as amended by Stats. 1913, c. 240, precludes a justice of the peace from rendering judgment for any costs except his own fees, which under that statute may be included in the judgment though not included in the memorandum.

2. Costs — Statutory Mode of Recovery Must Be Strictly Pursued.

Recovery of costs being regulated exclusively by statute, the mode provided for must be strictly pursued.

Appeal from Sixth Judicial District Court, Pershing County; *James A. Callahan,* Judge.

Certiorari by the State, on the relation of P. H. Wolf, to review in the district court proceedings before a Justice of the Peace of Lake Township, Pershing County. From a judgment of the district court dismissing the writ, relator appeals. **Judgment reversed.**

*Booth B. Goodman,* for Appellant:

Entry of judgment for costs by justice of the peace without service of cost bill was entirely in excess of jurisdiction. Where more than thirty days have elapsed since such entry and there is no remedy by appeal, certiorari will lie to annul judgment.

Party claiming costs must file and serve memorandum within two days after verdict or notice of decision. Rev. Laws, 5778, as amended Stats. 1913, p. 365.

Plaintiff had notice of verdict when it was rendered, being present, and his time to appeal began to run immediately. After it expired, no right of appeal existed. If there is any remedy, it is certiorari. Hunter v. Sutton, 45 Nev. 427.

Justice courts are of special and limited jurisdiction. They are creatures of statute, can take nothing by intendment, and must proceed as required by statute, else their acts are void. Paul v. Armstrong, 1 Nev. 82.

*H. J. Murrish,* for Respondent:

As no appeal was taken, it is fair to assume that defendant was satisfied with verdict and judgment.

Imposition of costs, their amount, and what items should be taxed were subjects proper to be considered in county court. Incorrect determination was not excess of jurisdiction and therefore could not be reached by writ of certiorari. Petty v. County Court, 45 Cal. 245.

Inquiry on writ of certiorari could not be extended further than necessary to determine whether inferior court exceeded jurisdiction. A court cannot in such inquiry correct errors of law or fact not jurisdictional. Phillips v. Welsh, 12 Nev. 158. Writ of certiorari can be issued only when inferior court exceeds jurisdiction. In Re Burke, 13 Nev. 256. If court erred in allowing any costs that were not taxable against relator, it was not excess of jurisdiction, and its action therein cannot be reviewed on certiorari. Ex Rel. Thompson v. District Court, 23 Nev. 243, 45 Pac. 467.

By the Court, DUCKER, C. J.:

Petitioner instituted a civil action for damages in the justice's court against the city of Lovelock. The action was tried before a jury, which, on the 15th day of January, 1921, returned a verdict in favor of defendant. Costs were taxed against the petitioner, but no memorandum of the items of defendant's necessary costs and disbursements was filed in the case or served upon petitioner or his attorney. On the 30th day of December, 1922, an execution was issued out of said justice's court, directing the constable to levy and collect the

costs of said action from petitioner. On application of petitioner, a writ of certiorari staying all proceedings in said action issued from the district court. The writ was thereafter dismissed. From the judgment of the district court dismissing the writ this appeal is taken.

1. It is claimed that the justice of the peace was without jurisdiction to tax any costs against petitioner for the reason that no cost bill was filed or served in said action. The contention must be sustained, except as to the justice's fees, which, by the terms of the statute, may be taxed and included in the judgment without being embodied in the memorandum of costs required to be filed and served by the prevailing party. The recovery of costs in a justice's court in this state is governed exclusively by section 836 of the practice act, as amended by the statute of 1913, p. 365. The section as amended reads:

"The justice must tax and include in the judgment the costs allowed by law to the prevailing party. The party in whose favor judgment is rendered and who claims his costs must deliver to the justice, and serve a copy upon the adverse party, within two days after the verdict or notice of the decision of the justice, or such further time as may be granted, a memorandum of the items of his costs and necessary disbursements in the action, which memorandum must be verified by the oath of the party or his attorney or agent, or by the clerk of his attorney, stating that to the best of his knowledge and belief the items are correct and that the disbursements have been necessarily incurred in the action. He shall be entitled to recover the witness fees, although at the time he may not have actually paid them. It shall not be necessary to embody in the memorandum the fees of the justice, but the justice shall add the same according to his fees fixed by statute. Within two days after service of a copy of the memorandum, the adverse party may move the court, upon two days' notice, to relax and settle the costs, a copy of which notice of motion shall be filed and served upon the prevailing party claiming costs, and thereupon the justice

shall settle the costs. If the judgment is entered by default it shall not be necessary to make service of a copy of the cost bill."

2. Originally there was no provision in the section requiring a memorandum of costs and disbursements to be delivered to the justice or served upon the adverse party, but the legislature of 1913 amended it so as to require such delivery and service. The effect of this amendment is to make these steps indispensable before the matter of costs can be considered by the justice or included in the judgment, except as to those fees specially excepted by the statute. The recovery of costs is a matter regulated exclusively by statute, and the mode pointed out for that purpose must be strictly pursued. Chapin v. Broder, 16 Cal. 403–419. The California appellate court, commenting on the effect of the failure of a party to serve a cost bill within the time required by the provisions of section 1033 of the code of civil procedure of that state, said:

"The manifest purpose of the section is to limit the time, after verdict or judgment, within which the question of costs, if it arises, may be definitely determined, so that, when ascertained and taxed, the costs may be included in the judgment, to the end that the party entitled thereto may secure his rights as speedily as practicable. The section cannot, therefore, be held to mean anything less than what its language plainly expresses. In other words, the terms of said section are mandatory, and a substantially strict compliance therewith is required, not alone of the party claiming costs, but also of the party dissatisfied with the costs claimed. Indeed, section 1033, as to the subject to which it applies, is a statute of limitation, and to it, no less than to statutes prescribing and limiting the time within which actions may be brought, is applicable the maxim, vigilantibus et non dormienitbus servat lex. No one would, for a moment, undertake to maintain that the time limit prescribed for the bringing of actions is not a vital and mandatory requirement of the statute.

"It follows that if the one party fails, within the time prescribed, to file and serve his memorandum of costs,

then he is to be conclusively deemed to have waived the costs, if any, accruing in his favor." Griffith v. Welbanks & Co., 26 Cal. App. 477, 480, 147 Pac. 986, 988.

While applicable only to actions tried in the superior courts, section 1033 of the California code of civil procedure, in respect to requiring the filing and service of a memorandum of costs, except as to time, is substantially the same as section 836 of our practice act. Under the former section, a judgment of costs entered by the clerk in the absence of filing or service of a memorandum of costs on the opposite party, was held to be void in Riddell v. Harrell, 71 Cal. 254, 12 Pac. 67. The same ruling was made in Chapin v. Broder, supra, under a former section of the California practice act, substantially the same as section 1033. The court said:

"The party entitled to costs was required to claim them in a particular manner, and the consequence attached to a failure was that they should be considered waived. When properly claimed, it was the duty of the clerk to include them in the judgment; but, until they were claimed, he was vested with no authority for that purpose. There was no general right of recovery, and the provisions in relation to the delivery of a memorandum were not intended to be directory. No right was created, apart from the remedy provided for its enforcement, and in respect to this remedy there is no room for construction. It was expressly declared that a failure to deliver the memorandum within the time specified should operate as a waiver of the costs. Such a failure not only extinguished the remedy, but forfeited the right itself. It is contended that an objection of this nature is not available in a collateral proceeding; but this view, we think, is incorrect. The objection goes to the legality of the judgment, and the ground upon which it proceeds is that the judgment pro tanto is a nullity."

True, it is not expressly declared in section 836 that a failure to deliver and serve the memorandum shall operate as a waiver of costs, but that it is intended that such result shall follow is clearly discernible from the

statute. In this regard, the court in Riddell v. Harrell, supra, said:

"The omission from section 1033 of the code of civil procedure of the clause in section 510 of the practice act, which provided that a failure by the prevailing party to file his memorandum of costs within the time limited should be deemed a waiver of his costs, is not a material circumstance. The code contemplates that such shall be the result, since the only costs which the clerk is authorized to insert are those claimed, and 'taxed or ascertained,' in the manner provided."

So, in the instant case, the defendant, not having claimed its costs in the manner provided by the statute, the justice was without authority to tax or include them in the judgment. His acts in this regard, being contrary to the express limitation of the statute, were in excess of jurisdiction, and the judgment is so far void.

Counsel for respondent relies upon the case of State ex rel. Quinn v. District Court, 16 Nev. 76, wherein it was held that if the court erred in allowing any costs that were not taxable against the relator, it was not an excess of jurisdiction, and its action in this respect could not be reviewed upon certiorari. Relator claimed that the court exceeded its jurisdiction in rendering judgment for the costs, because no cost bill was regularly made out and filed, and "a large proportion of the amount adjudged as costs was for fees not allowed by law." We do not regard the case as being in point. It was a criminal case, and the court was vested with authority by the statute to tax the costs of the prosecution to the defendant. There was no provision of law requiring the prosecution to make out and serve a cost bill. The state having a general right to recover costs without being limited to any prescribed manner of claiming the same, it is plain that any error which the court may have committed in taxing the costs could not amount to an excess of jurisdiction. The same may be said of Petty v. County Court, 45 Cal. 245, cited by counsel.

The case of State v. District Court, 23 Nev. 243, 45 Pac. 467, also referred to, was decided under a special

statute by virtue of which the court apportioned the costs between the parties. It was held that the statute conferred jurisdiction of the question of costs on the court, and that, if the court erred in taxing illegal costs against the relator, such action was not in excess of jurisdiction. It does not appear that any question was raised concerning a failure to file or serve a memorandum of costs. The case is therefore of no help to the petitioner.

The judgment must be reversed, and it is so ordered.