[No. 18378.   Department One.—July 29, 1895.]

SARAH HOTCHKISS, RESPONDENT, v. V. L. SMITH,
APPELLANT.

COSTS—FEES AND EXPENSES OF KEEPING ATTACHED PROPERTY—COST BILL.
Where the fees and expenses of a sheriff for the keeping of property
held under a writ of attachment are not claimed by the plaintiff in the
memorandum of costs, and are not included in the judgment, the failure
so to claim and include them in the manner required by the statute is
a waiver of such costs, and precludes a recovery thereof from the de-
fendant.

ID.—APPLICATION OF PROCEEDS OF SALE—ACCRUING COSTS—EXECUTION.—
The sheriff cannot apply the proceeds of sale under execution to the
payment of keeper's fees and expenses under a writ of attachment
which were not included in the cost bill and judgment, and they are not
part of the accruing costs allowed under section 697 of the Code of Civil
Procedure, which include only such fees and expenses as are incurred
in the execution of the judgment.

ID.—SATISFACTION OF JUDGMENT.—Where it appears that, exclusive of the
item of keeper's fees under a writ of attachment constituting no part of
the judgment, the property sold under the execution is sufficient, when
properly applied, to satisfy the judgment, including the amount of
costs claimed in the cost bill and accruing costs, the defendant is
entitled to have the proceeds so applied, and to have the judgment sat-
isfied.

APPEAL from an order of the Superior Court of Modoc
County denying a motion to have satisfaction of judg-
ment entered.   G. F. HARRIS, Judge.

The facts are stated in the opinion of the court.

*Spencer & Raker*, and *Clarence A. Raker*, for Appellant.

When a judgment is satisfied the court may. compel
the entry of satisfaction. (Code Civ. Proc., sec. 675.)
Any excess in the proceeds over the judgment and ac-
cruing costs must be returned to the judgment debtor.
(Code Civ. Proc. sec. 691.)   The court should have or-
dered entry of satisfaction.   (Code Civ. Proc., sec 675;
*Meredith* v. *Santa Clara Min. Assn.*, 60 Cal. 617; *Haggin*
v. *Clark*, 71 Cal. 444, 448; 2 Black on Judgments, sec.
1014, p. 1188; *Briggs* v. *Thompson*, 20 Johns. 294; *Med-
ford* v. *Dorsey*, 2 Wash. C. C. 467.)   Accrued costs must
be included in the judgment.   (Code Civ. Proc., sec.

1035; *Golden Gate Mill Co.* v. *Joshua Hendy Machine Works*, 82 Cal. 184; *Riddell* v. *Harrell*, 71 Cal. 254, 260, 261.) The accruing costs are collected by the execution. A successful party loses all costs and disbursements not included in the memorandum of costs. (Code Civ. Proc., sec. 1033; *Chapin* v. *Broder*, 16 Cal. 403; *Riddell* v. *Harrell*, *supra*; *O'Neil* v. *Donahue*, 57 Cal. 230–32; *Mullally* v. *Irish-American Ben. Soc.*, 69 Cal. 559; *Porter* v. *Hopkins*, 63 Cal. 55; *Sellick* v. *De Carlow*, 95 Cal. 644.)

*D. W. Jenks*, for Respondent.

Van Fleet, J.—This is an appeal from an order denying defendant's motion, made under section 675 of the Code of Civil Procedure, to have satisfaction of judgment entered.

The only question involved is whether plaintiff is entitled on execution, as a part of her judgment, to be paid an item of sheriff's fees and expenses for keeping property held under a writ of attachment, when such fees and expenses were not claimed by plaintiff in her memorandum of costs, and consequently not included in the judgment.

Section 1033 of the Code of Civil Procedure provides: "The party in whose favor judgment is rendered, and who claims his costs, must deliver to the clerk and serve upon the adverse party, within five days after the verdict, a notice of the decision of the court or referee —or, if the entry of the judgment on the verdict or decision be stayed, then before such entry is made—a memorandum of the items of his costs and necessary disbursements in the action," etc. And section 1035 of the Code of Civil Procedure provides that the costs shall be included in the judgment. The effect of these provisions is that all costs and disbursements incurred in the action must, in order to be recovered by the prevailing party, be included in the memorandum of costs filed by the party. This includes all items of costs or

necessary disbursements incurred up to the time of the rendition of judgment, and a failure to claim such costs, or any item thereof, in the manner required by the statute is deemed to be a waiver of such costs, and precludes a recovery thereof. (*Riddell* v. *Harrell,* 71 Cal. 260, 261; *Sellick* v. *De Carlow,* 95 Cal. 644; *Chapin* v. *Broder,* 16 Cal. 403.) The sheriff's charge for keeper's fees and expenses was a part of the necessary disbursements incurred by plaintiff in the action, and which she would have been entitled to recover against defendant; but, being costs and disbursements incurred before judgment, it was incumbent upon plaintiff to include and claim them in her cost bill, or they were waived. The statute makes no distinction between such disbursements and any other items of cost or expense incurred before judgment. The sheriff, judging from his return on the execution, seems to have proceeded upon the assumption that the keeper's fees and expenses were a part of his "accruing costs," under section 691 of the Code of Civil Procedure, and so chargeable against defendant without being included in the judgment; and such would seem to be the theory adopted by plaintiff, so far as his brief tends to enlighten us. But that theory is entirely erroneous. Such items are in no sense " accruing costs," as that term is used in the statute, the latter being such fees and expenses only as are incurred in executing the judgment.

The item for keeper's fees constituting no part of the judgment against defendant, the sheriff was not authorized to charge or deduct the amount thereof against defendant in applying the proceeds of sale to the satisfaction of the judgment. It appears that, exclusive of that item, the property sold under the execution brought more than enough, when properly applied, to satisfy plaintiff's judgment, including the amount of costs claimed in her cost bill, to which she was entitled, and the accruing costs; and, this being so, the defendant was entitled to have the proceeds so applied and to have the judgment satisfied.

The order is reversed and the court below directed to grant the motion.

HARRISON, J., and GAROUTTE, J., concurred.