# STEWART v. OREGON SHORT LINE RAILROAD COMPANY.

No. 2243. Decided July 21, 1911 (117 Pac. 465).

APPEAL AND ERROR—PRESENTATION OF GROUNDS OF REVIEW—COURT BELOW—EXCEPTIONS—NONSUIT—NECESSITY. In the absence of an actual exception, the sustaining of a motion for a nonsuit cannot be reviewed, as Comp. Laws 1907, section 3283, providing that the verdict of the jury, the final decision, an interlocutory order or decision finally determining the rights of the parties, an order or decision from which an appeal may be taken, an order sustaining or overruling a demurrer, an order allowing or refusing to allow an amendment or striking out a pleading, or refusing a continuance, an order made upon an *ex parte* application, or in the absence of a party, are deemed to be excepted to, does not supply the omission of an actual exception. (Page 376.)

APPEAL from District Court, Second District; *Hon. J. A. Howell,* Judge.

Action by Anna Stewart against the Oregon Short Line Railroad Company.

Judgment for defendant. Plaintiff appeals.

AFFIRMED.

*J. D. Skeen* and *W. R. Skeen* for appellant.

*P. L. Williams, Geo. H. Smith* and *Lrank K. Nebeker* for respondent.

STRAUP, J.

This was an action brought by appellant to recover damages for alleged personal injuries. Upon the evidence adduced by both parties the court, on respondent's motion, directed a verdict in its favor. No exception was taken or reserved to the ruling. The appellant seeks to have it reviewed on the theory that under the statute, such a ruling is deemed excepted to.

The statute (section 3283, C. L. 1907) provides that "the verdict of the jury; the final decision in an action or proceeding; an interlocutory order or decision finally determining the rights of the parties, or some of them; an order or decision from which an appeal may be taken; an order sustaining or overruling a demurrer, allowing or refusing to allow an amendment to a pleading, striking out a pleading or a portion thereof, refusing a continuance; an order made upon *ex parte* applications; and an order or decision made in the absence of a party—are deemed to have been excepted to." This statute is identical with section 647 of the California Code of Civil Procedure. Under that statute the Supreme Court of California held that it is thoroughly settled in that state that a motion for nonsuit will not be reviewed, where no exception was taken or reserved to the ruling. (*Malone v. Beardsley,* 92 Cal. 150, 28 Pac. 218; *Craig v. Hesperia Land & Water Co.,* 107 Cal. 675, 40 Pac. 1057; *Hanna v. De Garmo,* 140 Cal. 172, 73 Pac. 830.) We do not see why a different rule should be adopted with respect to a motion to direct a verdict. While the granting of the one is a bar to another action, and the granting of another is not, still the effect of both, when granted, is to take the case from the jury, and to end the trial and terminate the action.

The ruling not being reviewable, because no exception was taken thereto, and no other question being presented, it follows that the judgment of the court below must be, and it accordingly is, affirmed, with costs.

FRICK, C. J., and McCARTY, J., concur.