MOAPA GARDEN CO. v. SAN PEDRO, L. A. & S. L. R. CO. et al.

No. 2636.    Decided August 25, 1914 (143 Pac. 218).

1. TRESPASS—INJURY TO CROPS—BREAKING FENCES—COVERING IRRIGATION DITCH—INDEPENDENT CONTRACTOR—EVIDENCE. Where in an action for trespass on land, destroying crops and covering an irrigation ditch, defendant railroad company pleaded that the trespasses were accomplished, if at all, by defendant construction company, doing work for the railroad under contract, mere proof of the contract between the railroad and the construction company, without evidence that the acts of trespass were done by any of the construction company's officers or employés, was insufficient to sustain a recovery against it. (Page 143.)

2. APPEAL AND ERROR—RULINGS—NECESSITY OF EXCEPTION IN TRIAL COURT. The granting of a motion for a nonsuit cannot be reviewed, where no exception was taken thereto in the trial court. (Page 143.)

3. JUDGMENT—NONSUIT—JOINT DEFENDANTS. Where a nonsuit was properly granted as against both defendants, the only judgment permissible was a judgment dismissing the action. (Page 144.)

4. COSTS—COST BILL—FILING—TIME. Where judgment is regularly and timely entered, a cost bill filed within five days after entry of judgment is in time; the time to file bill beginning to run when the final decision or judgment is filed or entered. (Page 144.)

Appeal from District Court, Third District, *Hon. T. D. Lewis,* Judge.

Action by the Moapa Garden Company against the San Pedro, Los Angeles & Salt Lake Railroad Company and another.

Judgment for defendants. Plaintiff appeals.

AFFIRMED.

*Evans, Evans & Folland* for appellant.

*Dana T. Smith* and *Howat, Macmillan & Nebeker* for respondents.

FRICK, J.

This is an action to recover damages from the respondents for the alleged destruction of appellant's growing crops. Two causes of action were stated in the complaint. In the first one it was in substance alleged that the respondents made an opening in a certain fence through which certain range stock passed onto appellant's land and there destroyed the crops growing thereon of the value of $2,000. In the second cause of action it is alleged that respondent, in constructing a certain railroad grade in the vicinity of appellant's lands, "covered and destroyed the irrigation ditch conveying water onto plaintiff's land, and thus deprived the plaintiff" of the necessary water to irrigate its crops, by reason of which it was damaged in the sum of $500. The respondent San Pedro, Los Angeles & Salt Lake Railroad Company, filed its answer in which (1) it denied all the allegations respecting the injury, and (2) pleaded facts showing that it had contracted with the respondent Utah Construction Company to construct the railroad grade mentioned in the complaint. In short, it pleaded the defense of independent contractor. The respondent Utah Construction Company, in its answer, practically denied all the allegations of the complaint except the corporate existence of the parties. Upon the trial all the evidence introduced by appellant to connect the Utah Construction Company with the alleged injury was the contract entered into between it and the railroad company. The construction company thereupon moved the court to dismiss the action as against said company upon the ground that appellant had failed to produce any evidence connecting said company with the wrongs and injuries complained of. The court sustained the motion and dismissed the action as against the construction company, and the appellant excepted to the ruling and has assigned the same as error.

To us it seems 'too clear for argument that merely to prove that a certain person entered into a contract to do a certain thing is not sufficient to connect him with the alleged consequential injury which is caused by the breaking of a fence which it is alleged was broken by reason of doing the work mentioned in the contract, or for alleged consequential damages that are alleged were caused by covering up a certain irrigation ditch by reason of which the water necessary to irrigate crops is prevented from flowing upon the lands upon which the crops are growing and which covering up it is also alleged resulted from the doing of the work mentioned in the contract. It is not even shown that the construction company entered upon the execution of the contract, nor, if it be assumed that it did enter upon the execution thereof, that its employés, or those for whom it may have been responsible, had anything to do or were connected with the wrongful acts complained of. For aught that is made to appear from the evidence, none of the company's agents or employés were ever at or near the place where the alleged wrongful acts were committed. The court's ruling in dismissing the action was clearly right, and hence this assignment must fail.

After the case had been dismissed as against the construction company, appellant proceeded to introduce its evidence against the railroad company. After doing so it rested its case, and the railroad company made a motion for nonsuit upon various grounds which are specifically stated in the motion. The court sustained the motion and entered judgment accordingly. Appellant assigns the ruling of the court in sustaining the motion as error.

We are met at the threshold of the inquiry with an objection that we cannot review the court's ruling on the motion for nonsuit because appellant saved no exception to the ruling. While the printed abstract does not disclose whether an exception to the court's ruling was saved or not, yet, by referring to the bill of exceptions, it is made to appear that appellant saved no exception to the ruling of the court in sustaining the motion. Counsel's objection, therefore, that we cannot review the ruling seems

144          SUPREME COURT OF UTAH.          [August

Moapa G. Co. v. San Pedro, L. A. & S. L. R. Co. et al., 45 Utah 141.

to be well taken. In *Stewart* v. *O. S. L. R. Co.,* 39 Utah 375; 117 Pac. 465, we held that, without reserving an exception, we were not authorized to review the court's action in overruling a motion to direct a verdict. We there based the ruling upon the ground that, under a statute just like ours, the Supreme Court of California had held that the ruling on a motion for a nonsuit is not reviewable on appeal unless the aggrieved party reserved an exception to the ruling. Mr. Justice Straup cites the authorities in the opinion written in that case, and we shall do no more here than to refer to that opinion. The decision in that case, therefore, is directly in point here. Counsel for appellant having reserved no exception to the court's ruling upon the motion for nonsuit, prevents us from reviewing the question raised by them.

It is also assigned as error that the judgment is "against law." We have already held that the court committed no error in dismissing the case as against the construction company, and such is also the case with respect to the granting of the nonsuit. Only one judgment was permissible after granting the motion for nonsuit, and that was a judgment dismissing the action. Since we cannot review the court's ruling on the motion for nonsuit, the presumption must prevail that the ruling was proper, and the judgment is therefore strictly according to law and not against it, as asserted by counsel. This assignment must therefore be overruled.

The last assignment relates to the court's refusal to strike the cost bill which was filed in the case by the railroad company. The motion to strike is as follows:

"To the Above-Named Defendants, and to Their Attorneys, Dana T. Smith, Esq., and Messrs. Howat, Macmillan & Nebeker: Take notice that the plaintiff will, on Saturday, the 8th day of March, 1913, move the court to strike from the files that certain paper or document purporting to be a memorandum of costs and disbursements filed in this court on behalf of said defendants on the 15th day of February, 1913, upon the ground that the same was not filed within the time allowed by law, nor within any extension of such time allowed by the court, or otherwise,

for the filing of a memorandum of costs and disbursements."

The judgment was entered on the 14th day of February, and the cost bill filed on the day following.

It will be noticed that the motion to strike is based upon the sole ground that the cost bill "was not filed within the time allowed by law, nor within any extension of such time allowed by the court, or otherwise." In their brief, counsel for appellant have, for the first time, raised and argued other grounds than the one presented in the motion to strike. Counsel for respondents contend that we cannot consider any other ground save the one stated in the motion. In view that no other ground to strike the cost bill was presented or argued in the court below than the one stated in the motion, we are limited to that ground in reviewing the court's ruling on the motion. The court, in its appellate jurisdiction in law cases, is a court of review merely, and must confine itself to a review of such questions as were presented to the trial court and ruled on by that court, and to which ruling proper exceptions have been taken, where the statute itself does not give an exception. The only question, therefore, that we can review is whether the cost bill in question was filed within the time required by our statute. In the case of *Sellick* v. *De Carlow*, 95 Cal. 644; 30 Pac. 795, the court's ruling is fairly reflected in the headnote, which is as follows:

"A cost bill filed before the filing of the findings and entry of judgment is filed before the time authorized by law, and should be stricken out upon motion."

That case is followed in *Hotchkiss* v. *Smith*, 108 Cal. 285-287; 41 Pac. 304. While in the opinion handed down by this court in *Smith* v. *Nelson*, 23 Utah 512, it is not disclosed when the cost bill there in questoin was filed, yet in the printed abstract filed in that case it is made to appear that the judgment appealed from was entered on September 24, 1900, and the cost bill was filed September 29, 1900. The court there held that the District Court did not err in sustaining the Clerk's act of inserting certain costs in the judgment more than two days after the costs were taxed. While

this court in that case did not pass upon the precise question here presented, yet it approved and sustained the cost bill, which was not filed until five days after the judgment was actually entered. But why is a cost bill not filed in time if· filed within five days after judgment, where the judgment is regularly and timely entered? As pointed out by the Supreme Court of California, the prevailing party may recover all taxable costs which have accrued up to the time of the entry of judgment. The time when the final decision or judgment is filed or entered must therefore be the time from which the five days allowed to the prevailing party to serve and file his cost bill begin to run. If this be not so, how can a party include all costs which may accrue at any time before judgment is entered? The contention made by counsel for appellant that the time begins to run from the time the motion for a nonsuit is sustained is, in our judgment, unsound. The ruling upon the motion is not the final decision of the court. It is merely a ruling upon which the final decision, the judgment, is ultimately based. It is the final judgment that must be appealed from, and, that being so, we think it is also the judicial act, as held by the Supreme Court of California, from which the five days begin to run within which the cost bill must be served and filed. True, the statute says, "if the entry· of the judgment on the verdict or the decision be stayed," the cost bill shall be served and filed before such entry is made. This shows that, if the final judicial act is entered in the proper record in the regular order, then all other acts proceed regularly; but, if the court stays the entry of judgment, then, and then only, must the cost bill be served and filed before the entry is made. This, no doubt, is so because all that is stayed is merely the formal entry of the decision or judgment and not the rendering of it. That is, the final decision is made and filed, but the court for some reason has stayed the entry thereof in the proper book. The judicial act is complete, but the ministerial act of entering the judgment only is stayed. In such event the party is also informed to what time the entry is stayed, and hence can govern himself accordingly. Mark the language of the statute: "Or if the entry of the

judgment on the verdict or decision be stayed, then before such entry is made" the cost bill must be filed. The formal decision or judgment is thus known, but only its entry is stayed. Of course it would be useless to speak of "staying" a decision, since, so long as it is within the breast of the court, it is most effectually stayed. We think, therefore, that the conclusion reached by the Supreme Court of California is clearly right.

This disposes of all the questions that were properly presented for review.

The judgment is affirmed, with costs to respondents.

McCARTY, C. J., and STRAUP, J., concur.