[Civ. No. 1283. Third Appellate District.—February 5, 1915.]

## JESSE GRIFFITH, Appellant, v. WELBANKS & COMPANY (a Corporation), Respondent.

COSTS—STRIKING OF MEMORANDUM FROM FILES—FAILURE TO SERVE COPY WITHIN TIME—APPEAL FROM ORDER—CONFLICT OF EVIDENCE. An order striking a memorandum of costs from the files for failure to serve a copy thereof upon the adverse party within five days after the rendition of the verdict of the jury, as required by section 1033 of the Code of Civil Procedure, will not be disturbed on appeal, where such order is made upon conflicting affidavits as to the service of such copy.

ID.—SERVICE AND FILING OF MEMORANDUM OF COSTS—CODE PROVISIONS MANDATORY.—The terms of section 1033 of the Code of Civil Procedure as to the filing and service of a memorandum of costs are mandatory and a substantially strict compliance therewith is required both of the party claiming costs and the party dissatisfied with the costs claimed.

APPEAL from an order of the Superior Court of Napa County striking memorandum of costs from files. Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

Theodore A. Bell, Dudley D. Sales, and E. S. Bell, for Appellant.

W. H. Mahoney, for Respondent.

HART, J.—This is an appeal from an order striking from the files the plaintiff's memorandum of costs in this action.

The order appealed from was based upon and is the culmination of a motion duly interposed by the defendant for that purpose upon the ground that the plaintiff did not serve upon it or its attorney a copy of said memorandum of costs within five days after the rendition by the jury of the verdict in this action, as required by section 1033 of the Code of Civil Procedure.

Said motion was supported by an affidavit by the attorney for the defendant in which it is alleged that the verdict was rendered on the fourth (stated in the briefs of counsel on

both sides as the "5th") day of December, 1913; that a bill
of costs was filed by the plaintiff with the clerk of the superior
court of Napa County on the fifth day of December, 1913,
purporting to contain a statement of the costs and disburse-
ments accruing in favor of and made by the plaintiff in this
action, but that the plaintiff did not, within five days after the
rendition of the verdict in the action, serve upon the defend-
ant or its attorney a copy of said bill of costs, or any notice
of the filing of the same.

The affidavit then proceeds: "That on the 15th day of De-
cember, 1913, affiant received at his office in San Francisco,
through the United States mail, an inclosed envelope, ad-
dressed to him, containing a paper purporting to be a copy
of a bill of costs in said action, and indorsed upon the back
thereof the following: 'Filed this 5th day of Dec., A. D. 1913.
N. W. Collins, Clerk of the Superior Court.' That said
envelope also contained a letter bearing date Dec. 13th, 1913,
containing the following words: 'The cost-bill was filed on
December 5th, 1913, with the clerk.' That affiant herein
never saw or had any knowledge of said alleged cost-bill, or
the items contained therein, or of the date of filing the same,
until said fifteenth day of December, 1913, when said com-
munication was received by affiant through the mail as afore-
said; and no other or further notice of said bill of costs, or
of the time of filing same, has been made or given to affiant
by the plaintiff or his said attorney."

The plaintiff, contesting the motion, filed an affidavit by
one Emil Locarnini, a law clerk in the office of E. S. Bell,
Esq., one of the attorneys for the plaintiff. He declares that,
having been directed so to do by said E. S. Bell, he, on the
fifth day of December, 1913, prepared and filed with the clerk
of the superior court of Napa County, the plaintiff's mem-
orandum of costs; that, on the following day, he wrote a letter
to W. H. Mahoney, attorney for the defendant, and inclosed
said letter in a sealed envelope, properly directed to said
Mahoney, at his law office in San Francisco, prepaid the post-
age thereon, and on said sixth day of December, 1913, caused
the same to be duly deposited in the post-office at the city of
Napa; "that, in addition to inclosing said letter in said en-
velope, this affiant also inclosed a copy of a notice of entry
of judgment, . . . and affiant verily believes, and upon such

belief alleges the fact to be, that at the same time and place he inclosed in said envelope a true copy of the memorandum of costs above referred to.''

It appears from said affidavit that, on or about the eleventh day of December, 1913, said E. S. Bell received a letter from the attorney for the defendant, dated at San Francisco, December 10, 1913, acknowledging receipt of Bell's letter and notice of the entry of judgment in this action, but saying that ''the envelope did not contain a copy of the cost-bill, as your letter indicates.''

The affidavit then proceeds to aver that investigation was immediately started by said Bell to ascertain, if possible, whether a copy of the cost-bill had actually been inclosed in the envelope, with the letter and notice of the entry of judgment, addressed to the said Mahoney, and sets forth in minute detail certain probative facts and circumstances which, it is claimed, strongly tend to show that a copy of said memorandum of costs must have been inclosed in said letter addressed to Mahoney by the affiant.

Upon the facts thus briefly narrated the court predicated its order striking the plaintiff's cost-bill from the files.

It is conceded by counsel for the plaintiff that, the evidence being conflicting upon the question, the finding of the court that a copy of the memorandum of costs was not served upon the defendant or its attorney within the time prescribed by the statute cannot be successfully challenged. It is contended, however, that the evidence discloses a substantial compliance with the terms of the statute, and that this is all that is required, the argument being that the ''provisions of section 1033 of the Code of Civil Procedure should be liberally construed with a view to effecting its objects and to promote justice (Code Civ. Proc., sec. 4) and its substance rather than its form should be respected. (Civ. Code, sec. 3528.)''

Section 1033 of the Code of Civil Procedure reads as follows: ''The party in whose favor the judgment is rendered, and who claims his costs, must deliver to the clerk, and serve upon the adverse party, within five days after the verdict, or notice of the decision of the court or referee, or, if the entry of the judgment on the verdict or decision be stayed, then, before such entry is made, a memorandum of the items of his costs and necessary disbursements in the action or proceed-

ing, which memorandum must be verified by the oath of the party, or his attorney or agent, or by the clerk of his attorney, stating that to the best of his knowledge and belief the items are correct, and that the disbursements have been necessarily incurred in the action or proceeding. A party dissatisfied with the costs claimed may, within five days after notice of filing of the bill of costs, file a motion to have the same taxed by the court in which the judgment was rendered or by the judge thereof at chambers.''

Originally said section contained no provision requiring the memorandum or a copy thereof to be served on the adverse party, but the legislature of 1874 [Stats. 1873–74, p. 343] so amended it as to require such service, with the result that service of the memorandum is now one of the indispensable steps to be taken before the matter of costs may be considered by the court or judge.

The manifest purpose of the section is to limit the time, after verdict or judgment, within which the question of costs, if it arises, may be definitively determined, so that, when ascertained and taxed, the costs may be included in the judgment, to the end that the party entitled thereto may secure his rights as speedily as practicable. The section cannot, therefore, be held to mean anything less than what its language plainly expresses. In other words, the terms of said section are mandatory, and a substantially strict compliance therewith is required not alone of the party claiming costs but also of the party dissatisfied with the costs claimed. Indeed, section 1033, as to the subject to which it applies, is a statute of limitation, and to it, no less than to statutes prescribing and limiting the time within which actions may be brought, is applicable the maxim, *vigilantibus et non dormientibus servat lex.* No one would, for a moment, undertake to maintain that the time limit prescribed for the bringing of actions is not a vital and mandatory requirement of the statute.

It follows that if the one party fails, within the time prescribed, to file *and* serve his memorandum of costs, then he is to be conclusively deemed to have waived the costs, if any, accruing in his favor. And if, the memorandum having been in due form filed and served within the time prescribed, the adverse party fails, within the specified time, to file or notice a motion to have the costs taxed, he is conclusively deemed to have waived any and all objections thereto. (*Chapin* v.

*Broder,* 16 Cal. 403; *Hochkiss* v. *Smith,* 108 Cal. 285, [41 Pac. 304] ; *Galindo* v. *Roach,* 130 Cal. 389, 390, [62 Pac. 597].)

The rule applied in the case of *Carpy* v. *Dowdell,* 129 Cal. 244, [61 Pac. 1126] (cited by the appellant), while proper enough in that case, cannot be applied here without rendering nugatory what we conceive to be the vital purpose of section 1033 of the Code of Civil Procedure. There the defendants, against whom judgment was had, in due time served notice on the plaintiff that they were dissatisfied with the cost-bill filed by the plaintiff, and that they would make a motion to strike out certain items specified therein. When the hearing of the matter came on, the plaintiff objected to the consideration of the application on the ground that no written motion to strike out said items had been filed, and the court, conceiving that a *written* motion and none other was contemplated by section 1033 of the Code of Civil Procedure, sustained the objection. Reversing the order, the supreme court held that, proper written notice of the motion having been given within the time fixed by said section, an oral motion amounted to a substantial compliance with the requirement thereof in that particular. There is, as is readily perceivable, a marked difference between the proposition thus established and the one here. In that case the parties had acted within the time limited by the statute, and knew precisely what was proposed to be done in the proceeding. The manner in which the proceeding, then regularly before the court or judge, was to be presented involved nothing more than a mere matter of form. In other words, there was no deviation from the requirements constituting the substance of the law or the essentially vital parts thereof.

But, even in that same case, the court said that "the substance of the law as it stands is that the party who is dissatisfied with the bill of costs as filed *must,* within a certain time, make his objections known and the grounds on which he will move the court to correct or strike out the cost-bill. When *this is done* by the proper notice in writing, served and filed, specifying the time when the application to the court or judge will be made, the object of the law would seem to have been complied with." Thus, it will be perceived, the court holds, at least inferentially, that the requirement as to the time within which the parties must act in order to preserve and secure their rights with respect to costs, involves a matter of

substance and not of mere form, and that it must be followed as it is laid down in the code.

Our conclusion is that, under the facts as disclosed, no other course was open to the court below but to make the order appealed from.

Some other points in support of the order are made and discussed, but, in view of the position taken and the conclusion arrived at herein, they do not call for consideration.

The order is affirmed.

Chipman, P. J., and Burnett, J., concurred.