[Civ. No. 7546. First Appellate District, Division One.—January 16, 1931.]

COAST ELECTRIC SERVICE, INC., (a Corporation), Respondent, v. J. JENSEN, Appellant.

Chester E. Ross for Appellant.

Carl L. Hubbell for Respondent.

KNIGHT, J.—Defendant appeals from an order denying his motion to strike from the files plaintiff's memorandum of costs. The judgment in the action was entered and the memorandum of costs was filed on February 13, 1930, but the memorandum was not served within the succeeding five days, as required by section 1033 of the Code of Civil Procedure. On February 21, 1930, which was three days after the expiration of the statutory period allowed for such service, the court made an *ex parte* order, based on affidavit, purporting to grant plaintiff an additional 15 days within which to serve said memorandum; and the same was served within the extended time. Defendant then presented a motion to strike the memorandum from the files, and upon the failure of plaintiff to appear at the hearing of the motion, it was granted. Later, on plaintiff's motion, the memorandum was restored to the files, and defendant renewed his motion to strike, which was denied.

 The terms of section 1033 of the Code of Civil Procedure requiring the memorandum of costs to be served and filed not later than five days after the entry of judgment are mandatory, and failure to comply therewith extinguishes the remedy to recover the costs and operates as a forfeiture of the right thereto. (*Chapin* v. *Broder*, 16 Cal. 403.) In other words, as said in *Griffith* v. *Welbanks & Co.*, 26 Cal. App. 477 [147 Pac. 986, 988], if a "party fails within the time prescribed to file *and* serve his memorandum of costs, then he is to be conclusively deemed to have waived the costs, if any, accruing in his favor" (see, also, *Riddell* v. *Harrell*, 71 Cal. 254 [12 Pac. 67]; *Holmes* v. *Anderson*, 90 Cal. App. 276 [265 Pac. 1010]); and if the memorandum be served or filed too late it will be stricken from the files on motion (*Dow* v. *Ross*, 90 Cal. 562 [27 Pac. 409]). Pursuant to the power granted by section 1054 of said code the trial court may extend the time prescribed by said section 1033 (*Beilby* v. *Superior Court*, 138 Cal. 51 [70 Pac. 1024]); but it is well settled that orders of extension granted pursuant to said section 1054 must be made during the period of time within which the act may be done, that is, while the right is still alive; and if made after the expiration of such period the orders are void and confer no legal authority for the doing of the act. (*Clark* v. *Crane*, 57 Cal. 629; *Emeric* v. *Alvarado*, 64 Cal. 529 [2 Pac. 418]; *Freese* v. *Freese*, 134 Cal. 48 [66 Pac. 43]; *Estate of Clary*, 112 Cal. 292 [44 Pac. 569].) It follows, therefore, that since the order extending time in the present case was granted three days after the expiration of the statutory period in which said memorandum may have been served, it was void.

 Counsel for plaintiff claims in his brief that the omission to serve the memorandum within the period of time prescribed by the statute was due to the fact that he was relying upon certain oral stipulations made by counsel for defendant in court to pay the judgment and the costs within a few days, providing execution was not issued; also upon certain letters written and payments made in confirmation of said stipulations. The matters referred to are entirely foreign to the record, however, no mention thereof being made in the bill of exceptions upon which the appeal was taken; consequently they are not the sub-

ject of proper consideration in the determination of the appeal. ██ It is also claimed that it was discretionary with the trial court, under section 473 of the Code of Civil Procedure, to relieve plaintiff from its default in failing to serve said memorandum within the statutory period. Conceding this to be true, the record before us fails to show that any such relief was ever applied for or granted.

██ It appears from the terms of the order extending time that it was based upon the affidavit of plaintiff's attorney, which affidavit has not been made a part of the bill of exceptions; and plaintiff argues, therefore, that it must be assumed that sufficient facts were set forth therein to justify the court in granting the order. But, as will be observed, under the authorities hereinabove cited, the court loses jurisdiction to extend time upon the expiration of the statutory period within which the act may have been done. Therefore, it was beyond the power of the court to grant the extension, regardless of the contents of the affidavit.

██ Neither was the affidavit upon which plaintiff's motion for restoration of the memorandum was based set forth in the bill of exceptions, and plaintiff contends therefore that the order made in that behalf is presumed to have been properly granted. This may be conceded also; but that proceeding had no bearing whatever upon the matter of plaintiff's default in failing to serve said memorandum within five days after the entry of the judgment. As shown by the contents of the notice of motion, the purpose of that proceeding was simply to nullify the previous order striking the memorandum from the files, upon the ground that it was granted during the excusable absence of counsel for plaintiff.

For the reasons above stated, it is our opinion that defendant's motion to strike plaintiff's memorandum of costs from the files should have been granted. The order denying the same is therefore reversed.

Tyler, P. J., and Cashin, J., concurred.