[Civ. No. 11073. First Appellate District, Division Two.—September 19, 1939.]

SIDNEY M. HAUPTMAN, as Trustee, etc., Appellant, v. METHA NELSON HEEBNER, Respondent.

Sterling Carr for Appellant.

Francis V. Keesling, and Garston D. Keyston, for Respondent.

NOURSE, P. J.—The plaintiff appeals on the judgment roll alone from a judgment of dismissal with costs and from

an order denying his motion to strike the cost bill and to vacate the judgment. The controversy between the parties narrows to the question of the propriety of the award of costs in view of the time when the cost bill was filed.

 The facts are these: The defendant appeared in the action and, upon motion, obtained a stay of proceedings. Thereafter the plaintiff gave notice of a voluntary dismissal and requested the clerk to file same "as provided by law". The clerk filed on July 2, 1938. On November 7, 1938, the defendant obtained a judgment, signed by the trial judge, dismissing the action and awarding her costs. The cost bill was filed on November 12, 1938. The record does not disclose that the dismissal filed by the plaintiff was at any time entered in the clerk's register.

Section 581 of the Code of Civil Procedure provides for the dismissal of a civil action: "1. By the plaintiff, by written request to the clerk, filed with the papers in the case. . . . " The same section provides: "The dismissals mentioned in subdivisions one and two hereof . . . must be made by entry in the clerk's register . . . and are effective for all purposes when so entered."

The appeal is taken on the judgment roll which does not show that such entry was made in the clerk's register. We must therefore presume in support of the judgment that such entry was not made. Hence, the purported dismissal was not effective at the time the judgment was entered. The time for filing a cost bill had not commenced to run when the judgment was entered. It is conceded that, under section 1032, Code of Civil Procedure, the defendant was entitled to her costs upon the dismissal of the action. Hence, though the judgment may have been unnecessary in view of the voluntary dismissal under subdivision one of section 581, nevertheless the cost bill could be filed at that time because the attempt to dismiss had not then become complete or effective.

The judgment and order are affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of

Appeal, was denied by the Supreme Court on November 16, 1939. Curtis, J., Edmonds, J., and Carter, J., voted for a hearing.