[Civ. No. 16099.  First Dist., Div. One.  Nov. 30, 1954.]

SAN FRANCISCO UNIFIED SCHOOL DISTRICT, Plaintiff and Appellant, v. THE BOARD OF NATIONAL MISSIONS etc. et al., Defendants; HONG MOW, Defendant and Appellant.

Dion R. Holm, City Attorney, and Norman Sanford Wolff, Deputy City Attorney for Plaintiff and Appellant.

Phil F. Garvey for Defendant and Appellant.

BRAY, J.—In a condemnation action tried without a jury defendant appeals from the judgment awarding him $17,500. Plaintiff appeals from the portion of the judgment awarding defendant $47.09 costs, and from the order made after judgment allowing such costs.

### QUESTIONS PRESENTED

Defendant's appeal: 1. By failing to object to its introduction may defendant now claim error as to certain evidence? 2. Is the award grossly inadequate and unsupported? 3. Should view of premises by trial judge be disregarded?

Plaintiff's appeal: May plaintiff, after the time prescribed by law to move to tax costs has expired, raise the question that defendant's cost bill was filed too late?

### RECORD

Plaintiff school district sought to condemn defendant's three story brick residence and lot in Chinatown, San Francisco. Defendant's four real estate experts placed a value thereon of $29,000, $27,500, $27,500 and $27,000 respectively. Plaintiff's three experts valued the property at $14,000, $14,900 and $16,000 respectively. After viewing the property itself the trial court fixed the value at $17,500.

### 1. *Failure to Object.*

■ Defendant's main contention is that the court erred in allowing testimony of specific sales of comparable property, in claimed violation of the rule of *People* v. *La Macchia*, 41 Cal.2d 738 [264 P.2d 15]. We see no reason for considering this contention because at no time did defendant object to such evidence. Moreover, before any of plaintiff's value witnesses had testified, defendant in the examination of two of his own witnesses, Reeves and Hulting, elicited the same type of testimony. Having failed in the trial court to object to the introduction of such evidence, it is too late for him to question it now.

■ "The record discloses no objection was made to any of these questions nor was a motion made to strike the answers; therefore they will not be considered for the first time on appeal. It is well established that for a party to take advantage of alleged error in the admission of improper

testimony, it is necessary that he object to its admission when it is offered. (*Kershaw* v. *Tilbury* (1932), 214 Cal. 679 [8 P.2d 109]; *Balkwill* v. *City of Stockton* (1942), 50 Cal. App.2d 661 [123 P.2d 596]; 11 So.Cal.L.Rev. 413.)" (*Mullanix* v. *Basich*, 67 Cal.App.2d 675, 682 [155 P.2d 130]; see also 3 Cal.Jur.2d § 156, p. 634.)

▇ Some of the questioning upon the subject was by the trial judge. This does not obviate the necessity for making seasonable objection. (*People* v. *Parker*, 80 Cal.App.2d 128, 135 [181 P.2d 16]; *People* v. *Silva*, 67 Cal.App. 351, 357 [227 P. 976]; 3 Cal.Jur.2d § 156, p. 635.)

### 2. *The Award.*

▇ Defendant's main basis for contending that the award is unsupported is that the award is based upon inadmissible evidence. The evidence being admitted without objection is evidence for all purposes. "Although this evidence was technicaly incompetent, it was admitted without objection. It must, therefore, be given as much weight in this court, in reviewing the question of the sufficiency of the evidence, as if it were competent. [Citations.]" (*Parsons* v. *Easton*, 184 Cal. 764, 769 [195 P. 419].)

Defendant secondly contends that in arriving at their valuations plaintiff's witnesses failed to consider two claimed elements of fair market value. ▇ The first claimed element is the distinctive location of the property, it being in Chinatown and more suitable and desirable for occupancy by Chinese than locations elsewhere. Defendant's experts testified that this fact was an important element in estimating market value. There can be no question that if this factor did influence market value it must be taken into consideration. Plaintiff concedes this. In fact plaintiff's witness Smith testified he considered that factor; that properties in Chinatown sold for "a little more than they are worth," and in his market value estimate of $16,000 he had included $2,000 for that factor. While the other two of plaintiff's witnesses did not mention this factor they did testify that in fixing their values they took into consideration other sales in the neighborhood. Defendant's witnesses placed a much higher value on this factor than did Smith. However, it was the court's province to decide that conflict. We cannot assume that the court, in fixing value, ignored the fact that five witnesses considered it a factor. Possibly the court's figure of $17,500 which was $1,500 higher than the highest estimate of plaintiff's witnesses reflected the factor in question.

The second element claimed to have been ignored by the court is the low value of today's currency. This contention is a bit obscure, inasmuch as all of the witnesses were testifying to today's market value. That the court had in mind that the value to be determined is today's value is shown by the court's remark when defendant was cross-examining one of plaintiff's witnesses, Rezos. Defendant asked Rezos if in arriving at his figure of $14,500 he took into account "the depreciated value of the currency and the depreciated purchasing power of the money at the present time." In overruling plaintiff's objection the court stated that there was no question but that "You have to determine every value today on the basis of today's money value. Everybody knows that. You can answer that." The witness replied: "I used the market value as a basis. I used what other similar properties were selling for, using today's money, today's currency."

Each of the experts of both parties was carefully examined to establish his particular expertness in Chinatown real estate. All testified to strong general knowledge of the area and the realty in it. Each inspected the premises. All considered other sales, although none based his opinion entirely on the value of other specific property testified to at the trial. Moreover, by stipulation of the parties, the judge made an independent inspection. What he saw was " 'independent evidence that can be taken into consideration in determining the issue of the case.' " (*Otey* v. *Carmel Sanitary Dist.*, 219 Cal. 310 [26 P.2d 308], quoting from *Hatton* v. *Gregg*, 4 Cal. App. 537, 540-542 [88 P. 592].) The parties stipulated "that whatever the Court sees and observes will be considered as independent evidence in the case." Our power "begins and ends with a determination of whether there is any substantial evidence contradicted or uncontradicted, which will sustain the findings made or the judgment rendered." (*Wheeler* v. *Gregg*, 90 Cal.App.2d 348, 371 [203 P.2d 37].) There is such substantial evidence here.

As said in *City of Fresno* v. *Hedstrom*, 103 Cal.App.2d 453, 461 [229 P.2d 809], quoting from *Employees' Participating Assn.* v. *Pine*, 91 Cal.App.2d 299, 303 [204 P.2d 965]: " ' "Questions of value are almost always matters of opinion, and evidence thereon usually goes no further than to give the court more or less general ideas on the subject. From the evidence thus received a trial court must draw its own conclusions of value by a process of balancing and reconciling, if possible, the varying opinions. . . ." ' "

### 3. *View of Premises.*

█ As stated, it was stipulated that the trial judge might view the premises. In his opening brief defendant stated that there was nothing in the record to show that the judge did so "and the amount of the award clearly indicates to appellant that he did not view the subject property." Thereafter plaintiff moved this court for leave to produce the judge's affidavit showing that he did view the premises. Upon the hearing we granted that motion. Defendant now contends that this court had no power to do so because he claims (1) the grounds upon which the motion was to be made are not stated in the notice of motion; (2) granting such motion was a miscarriage of justice. It should be pointed out that in granting the motion both of those grounds could have been raised, and the action of this court in granting that motion is final and cannot now be attacked. So far as a miscarriage of justice is concerned, it would have been such had this court not permitted the record to show the true facts as to whether the trial judge had complied with the stipulation. While the motion was made under section 956a, Code of Civil Procedure, strictly speaking it was not a motion to produce additional evidence. It was actually a motion to augment the record here to show what was before the trial court. This court, on its own motion, could have required such augmentation. Whether viewed as a motion to take additional evidence or to augment the record it is highly in the interest of justice that we have before us what was before the trial court at the time it decided the case.

PLAINTIFF'S APPEAL

It is conceded that although defendant served his cost bill and mailed it to the county clerk within the time allowed by law, it was received and filed by the latter one day too late. Section 1033, Code of Civil Procedure, provides that a party dissatisfied with the costs claimed, may, within five days after the service of a copy of the bill of costs, file a motion to tax. Plaintiff within the five days filed a motion to tax by eliminating two items in the cost bill. Then, some 26 days after service of the cost bill plaintiff moved to strike the whole cost bill on the ground that it was not filed within the time prescribed by law. ". . . while it is true that the order from which the appeal here is taken is not, strictly speaking, based on a motion to tax costs, but is founded on a motion to strike the cost bill from the files, yet, in its general purpose and

effect, it amounts to the same thing. In fact, the application upon which the order appealed from herein is based has been treated as amounting to the same proceeding as a motion to tax or retax costs." (*Markart* v. *Zeimer,* 74 Cal.App. 152, 156 [239 P. 856].) The court below denied both motions. Plaintiff appealed apparently only from the order denying the motion to strike. This raises the question of whether a motion to strike a cost bill will lie after the expiration of the time specified in section 1033. It has been held that the section is mandatory as to the time to file the cost bill. (*Coast Electric Service, Inc.* v. *Jensen,* 111 Cal.App. 124 [295 P. 346].) It would seem that if that requirement in section 1033 is mandatory, the requirement in the same section as to the time to tax would likewise be mandatory. In *Mojave & B. R. Co.* v. *Cuddeback,* 28 Cal.App. 439 [152 P. 943], the court said concerning a motion to tax costs under section 1033 (p. 441): "If, however, the notice of motion be not given within the time specified therefor, the clerk must, upon the expiration thereof, make the entry in accordance with the memorandum of costs filed. . . . Thus, if a party to an action against whom cost is awarded neglects within the time specified in section 1033 to apply to the court to have the same taxed, he is deemed to have assented to the correctness and lawfulness of the items as claimed in the verified memorandum of costs as filed, the total of which upon being entered in the judgment by the clerk in accordance with his duty, is of the same force and effect as any other part of the judgment. This being true, and since the party subject to the payment of cost may waive any and all objections to the claim for cost, it follows, we think, that he may limit his objections to such grounds *only* as he may specify in his motion as the reasons for asking the intervention of the court in taxing the cost."

In *Griffith* v. *Welbanks & Co.,* 26 Cal.App. 477 [147 P. 986], the court said (p. 480): "It follows that if the one party fails, within the time prescribed, to file *and* serve his memorandum of costs, then he is to be conclusively deemed to have waived the costs, if any, accruing in his favor. And if, the memorandum having been in due form filed and served within the time prescribed, the adverse party fails, within the specified time, to file or notice a motion to have the costs taxed, he is conclusively deemed to have waived any and all objections thereto."

Having in mind that *Mojave & B. R. Co.* v. *Cuddeback, supra,* 28 Cal.App. 439, held that by failing to move to tax

within time the party subject to the payment of costs is deemed to have waived "any and all objections to the claim for cost," and that it is the duty of the clerk in such event to make entry of the costs in the judgment, it would follow that the language in *Griffith* v. *Welbanks & Co., supra,* 26 Cal.App. 477, to the effect that the party failing to file his cost bill within time "is conclusively deemed to have waived" his costs, means as against a motion to tax filed within time only. ■ When a cost bill is filed it is not the duty of the clerk to determine the regularity of its filing. The burden of attacking it rests upon the party who will have to pay the costs, and if he fails to move within the time allowed he is "conclusively" presumed to have waived such irregularity.

■ It must be remembered that under section 1054 the court may extend the time to file a cost bill (*Coast Electric Service, Inc.* v. *Jensen, supra,* 111 Cal.App. 124, 126), and that where the bill is not filed in time relief may be given, in a proper case, under section 473, Code of Civil Procedure. Therefore, even though on motion made within due time, the late cost bill, in the absence of relief given under section 473, may be stricken (see *Dow* v. *Ross,* 90 Cal. 562 [27 P. 409]; *Coast Electric Service, Inc.* v. *Jensen, supra,* 111 Cal.App. 124), the requirement that the cost bill be filed within five days is not jurisdictional. ■ It not being jurisdictional, the failure to file within the time limit can only be attacked as prescribed by law, which is by a motion to tax (or strike) within the period prescribed by section 1033. Such motion not having been filed within that time and no relief having been sought under section 473, the trial court properly refused to strike the cost bill.

The judgment and the order refusing to strike the cost bill are affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.