[Civ. No. 8691.   Third Dist.   Nov. 18, 1955.]

DAVIS LUMBER COMPANY (a Corporation), Appellant, v. BRUCE E. HUBBELL, SR., Respondent.

[Civ. No. 8692.   Third Dist.   Nov. 18, 1955.]

R. W. SCHMITZ et al., Appellants, v. WALTER W. SADLER et al., Respondents.

Robert M. Cole for Appellants.

Douglas C. Busath for Respondents.

McMURRAY, J. pro tem.*—The above two actions are consolidated by stipulation for the purpose of appeal as both involve the propriety of orders granting motions to strike costs after judgments obtained by plaintiffs in the trial court. These appeals are presented on agreed statements under rule 6 of the Rules on Appeal.

The agreed statements define the issue here as:

"If a prevailing party files his cost bill late, is the [right to object to such] lateness of filing waived by the losing party if the losing party does not file an appropriate objection within five days after receiving the cost bill?"

The case of *San Francisco Unified Sch. Dist.* v. *Board of Nat. Missions,* 129 Cal.App.2d 236 [276 P.2d 829], is apposite here and requires that appellants' position be sustained. It is said therein, at pages 241-243:

". . . Then, some 26 days after service of the cost bill plaintiff moved to strike the whole cost bill on the ground that it was not filed within the time prescribed by law. '. . . while it is true that the order from which the appeal here is taken is not, strictly speaking, based on a motion to tax costs, but is founded on a motion to strike the cost bill from the files, yet, in its general purpose and effect, it amounts to the same thing. In fact, the application upon which

---

*Assigned by Chairman of Judicial Council.

the order appealed from herein is based has been treated as amounting to the same proceeding as a motion to tax or retax costs.' (*Markart* v. *Zeimer,* 74 Cal.App. 152, 156 [239 P. 856].) The court below denied both motions. Plaintiff appealed apparently only from the order denying the motion to strike. This raises the question of whether a motion to strike a cost bill will lie after the expiration of the time specified in section 1033. It has been held that the section is mandatory as to the time to file the cost bill. (*Coast Electric Service, Inc.* v. *Jensen,* 111 Cal.App. 124 [295 P. 346].) It would seem that if that requirement in section 1033 is mandatory, the requirement in the same section as to the time to tax would likewise be mandatory. In *Mojave & B. R. Co.* v. *Cuddeback,* 28 Cal.App. 439 [152 P. 943], the court said concerning a motion to tax costs under section 1033 (p. 441) : 'If, however, the notice of motion be not given within the time specified therefor, the clerk must, upon the expiration thereof, make the entry in accordance with the memorandum of costs filed. . . . Thus, if a party to an action against whom cost is awarded neglects within the time specified in section 1033 to apply to the court to have the same taxed, he is deemed to have assented to the correctness and law-fulness of the items as claimed in the verified memorandum of costs as filed, the total of which upon being entered in the judgment by the clerk in accordance with his duty, is of the same force and effect as any other part of the judgment. This being true, and since the party subject to the payment of cost may waive any and all objections to the claim for cost, it follows, we think, that he may limit his objections to such grounds *only* as he may specify in his motion as the reasons for asking the intervention of the court in taxing the cost.''

"In *Griffith* v. *Welbanks & Co.,* 26 Cal.App. 477 [147 P. 986], the court said (p. 480) : 'It follows that if the one party fails, within the time prescribed, to file *and* serve his memorandum of costs, then he is to be conclusively deemed to have waived the costs, if any, accruing in his favor. And if, the memorandum having been in due form filed and served within the time prescribed, the adverse party fails, within the specified time, to file or notice a motion to have the costs taxed, he is conclusively deemed to have waived any and all objections thereto.'

"Having in mind that *Mojave & B. R. Co.* v. *Cuddeback, supra,* 28 Cal.App. 439, held that by failing to move to tax

within time the party subject to the payment of costs is deemed to have waived 'any and all objections to the claim for cost,' and that it is the duty of the clerk in such event to make entry of the costs in the judgment, it would follow that the language in *Griffith* v. *Welbanks & Co., supra,* 26 Cal.App. 477, to the effect that the party failing to file his cost bill within time 'is conclusively deemed to have waived his costs, means as against a motion to tax filed within time only. ▮ When a cost bill is filed it is not the duty of the clerk to determine the regularity of its filing. The burden of attacking it rests upon the party who will have to pay the costs, and if he fails to move within the time allowed he is 'conclusively' presumed to have waived such irregularity.

▮ "It must be remembered that under section 1054 the court may extend the time to file a cost bill (*Coast Electric Service, Inc.* v. *Jensen, supra,* 111 Cal.App. 124, 126), and that where the bill is not filed in time relief may be given, in a proper case, under section 473, Code of Civil Procedure. Therefore, even though on motion made within due time, the late cost bill, in the absence of relief given under section 473, may be stricken (see *Dow* v. *Ross,* 90 Cal. 562 [27 P. 409]; *Coast Electric Service, Inc.* v. *Jensen, supra,* 111 Cal.App. 124), the requirement that the cost bill be filed within five days is not jurisdictional. ▮ It not being jurisdictional, the failure to file within the time limit can only be attacked as prescribed by law, which is by a motion to tax (or strike) within the period prescribed by section 1033. Such motion not having been filed within that time and no relief having been sought under section 473, the trial court properly refused to strike the cost bill."

In the instant cases it appears from the statements that respondents waited 20 days and 29 days respectively after receipt of the memorandum of costs before filing the notices of motion to strike in these two actions. Other than that the above quoted language is completely in point.

Although the parties have agreed that the lateness of filing objections to a late cost bill is the only question involved, it appears from the agreed statements that in one case the notice of entry of judgment was filed on March 10, 1954, and the memorandum of costs was served and filed on the same day and that in the other case notice of entry of judgment was filed on April 2, 1954, and the memorandum of costs was served and filed the same day.

Under such a chronology it is difficult to understand the appellants' concession that the cost bills were not filed in time.

There is reference in one of appellants' briefs to the case of *Dow* v. *Ross*, 90 Cal. 562 [27 P. 409], as authority for the proposition that *actual* notice of the decision starts the five-day period for filing a cost bill. That case, decided in 1891, dealt with Code of Civil Procedure section 1033 as it then read and was in accord with the provisions then contained in that section. Those provisions have been changed and at the time here involved provided that the five-day period should commence to run "after notice of the entry of the judgment, . . ."

In *Fisher* v. *Eckert*, 94 Cal.App.2d 890, at page 894 [212 P.2d 64], the court, in considering an argument that knowledge of the decision was tantamount to notice of entry of judgment, said:

"Since the dismissal became a judgment and was entered in the clerk's register on October 20, the next question is whether defendants had *notice of such entry,* within the meaning of section 1033, *supra.* It is plaintiffs' argument that the presence of counsel for defendants in the court and under the circumstances related was sufficient notice of such entry. Defendants' counsel argues otherwise and maintains that defendants never did have notice of the entry of the dismissal in the clerk's register. It is true that written notice of such entry is not required where there is actual notice of such entry. (*Dow* v. *Ross,* 90 Cal. 562 [27 P. 409] ; *Mullally* v. *Irish-American Benevolent Soc.,* 69 Cal. 559 [11 P. 215] ; *O'Neil* v. *Donohue,* 57 Cal. 226.)

"It is clear from the proceedings had that defendants did have actual notice that plaintiffs had filed with the clerk a dismissal of the action and that the trial court acted upon such dismissal by excusing the jury from further attendance. However, there is no showing that the clerk at that time had entered such dismissal on her register. In fact, the entry of such dismissal on the register could have been delayed for several days without defendants' knowledge and the time for filing such cost bill would not have run until defendants had *notice of such entry.* (*Hauptman* v. *Heebner,* 34 Cal. App.2d 600 [94 P.2d 48] ; *King* v. *Superior Court, supra,* at p. 508 [12 Cal.App.2d 501 (56 P.2d 268)].) It appears that defendants did not have notice of the entry of the dismissal on the clerk's register in the instant action and the time for filing such cost bill would not commence to run until that

occurred. The cost bill was therefore filed within time. The order striking same was erroneous."

In accord with the foregoing authorities the orders appealed from are reversed.

Van Dyke, P. J., and Schottky, J., concurred.