Filed 5/26/23 Certified for Publication 6/16/23 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CORY BRIGGS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MARA ELLIOTT,<br><br>    Defendant and Respondent. | D080283<br><br><br><br>(Super. Ct. No. 37-2020-00039312-CU-DF-CTL) |

APPEAL from order of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Affirmed.

Briggs Law Corporation and Janna M. Ferraro for Plaintiff and Appellant.

Mara Elliott, in pro. per. for Defendant and Respondent.


I

INTRODUCTION

San Diego City Attorney Mara Elliott successfully moved to strike a defamation complaint filed against her by a former political rival, Cory Briggs, under the anti-SLAPP (Strategic Lawsuit Against Public

Participation) statute, Code of Civil Procedure section 425.16 et seq.[1] Elliott spent the next seven months fruitlessly trying to collect on the unsatisfied judgment. She then filed a verified memorandum of costs claiming $13,789.10 in postjudgment collection costs, including $12,941.20 in attorney's fees and $847.90 in other costs. The trial court awarded her the claimed costs, as well as $2,294.07 in postjudgment interest.

Briggs appeals the cost award and argues it was flawed for four reasons: (1) the judgment was satisfied before Elliott filed the memorandum of costs, thus rendering the memorandum of costs untimely; (2) a judgment creditor who prevails on an anti-SLAPP motion may only recover collection-related attorney's fees by filing a motion for fees, not a memorandum of costs; (3) the costs claimed in the memorandum of costs were unnecessary and unreasonable; and (4) the trial court miscalculated the interest accrued on the outstanding judgment principal. However, in the proceedings below, Briggs did not timely move to tax the costs claimed in the memorandum of costs. Therefore, we conclude the trial court properly awarded Elliott all of the costs identified in the memorandum of costs. (§ 685.070, subd. (d).)

The postjudgment cost order is affirmed.

II

BACKGROUND

Elliott is the City Attorney for the City of San Diego and Briggs is an attorney who practices law in San Diego. Briggs challenged the incumbent Elliott for her seat in political office during the November 2020 general election. As is often the case with political elections, the race between Elliott

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

2

and Briggs was extremely contentious. It also spawned several lawsuits, including the litigation out of which this appeal arises.

A. *The Litigation*

On October 29, 2020, shortly before election day, Briggs filed a defamation complaint against Elliott. Briggs alleged that Elliott maliciously ran an attack advertisement against him, which falsely stated that our court found him to have engaged in "possibly criminal" conduct while representing a client in a legal matter. Elliott filed a special motion to strike the complaint under the anti-SLAPP statute.

On March 12, 2021, the trial court granted the anti-SLAPP motion. The court directed Elliott to prepare a proposed judgment of dismissal and awarded $28,873 in attorney's fees to Elliott as the prevailing defendant in an anti-SLAPP proceeding (see § 425.16, subd. (c)(1)).

On April 22, 2021, the trial court adopted a modified version of Elliott's proposed judgment, which struck the complaint in its entirety and ordered Briggs to pay Elliott attorney's fees totaling $28,873 and additional prejudgment costs in an amount to be established in a forthcoming memorandum of costs. That same day, Elliott filed a verified memorandum of costs seeking $820 in additional prejudgment costs (hereafter, the April Memorandum of Costs). Briggs did not file a motion to tax the costs claimed in the April Memorandum of Costs.

B. *Enforcement of the Judgment*

For several months after the entry of judgment, Elliott tried to enforce the judgment against Briggs. She recorded abstracts of judgment in three different counties to obtain judgment liens on Briggs' real property, obtained writs of execution to levy on his property, initiated a garnishment of his wages, secured orders for judgment-debtor and third-party examinations, and

3

propounded written discovery requests on him. Despite these concerted efforts, Elliott was unable to collect on the judgment.[2]

On August 26, 2021, in connection with these collection efforts, Elliott filed a verified memorandum of costs (hereafter, the August Memorandum of Costs), claiming $968.07 in accrued interest as of August 19, 2021. The August Memorandum of Costs did not seek any additional postjudgment attorney's fees or other costs, apart from interest. Briggs did not file a motion to tax the costs claimed in the August Memorandum of Costs.

C. *Briggs' Delivery of the Cashier's Check*

On November 13, 2021, shortly after Elliott propounded extensive written discovery requests on Briggs, he sent a $31,450.09 cashier's check to Elliott at the City Attorney's Office. According to Briggs, the $31,450.09 cashier's check satisfied the judgment in full and encompassed a judgment principal payment of $29,693 (consisting of $28,873 in attorney's fees and $820 in prejudgment costs), an interest payment of $1,692.09 (calculated at $8.135 per day multiplied by 208 days), and an additional payment of $65 for a debtor-examination court fee and judgment lien filing fee. The cashier's check included a notation stating, "JUDGMENT PAID IN FULL FOR SAN DIEGO SUPERIOR COURT CASE NO. 37–2020–00037312." The cashier's check was delivered to the City Attorney's Office on November 16, 2021, at 10:03 a.m., and Elliott's support staff gave it to her during the lunch hour.

---

[2] The parties disagree about why Briggs withheld payment from Elliott after the entry of judgment. Briggs asserts he withheld payment because he had submitted an inquiry with the San Diego Ethics Commission requesting clarification on whether he should direct payment to Elliott or, alternatively, to her legal defense fund. Elliott claims Briggs was trying "to avoid accountability," and she notes that he did not submit his inquiry to the Ethics Commission until six months after the entry of judgment. Briggs' motives for withholding payment are irrelevant to the disposition of this appeal.

4

D. *The Postjudgment Cost Award*

Later that same day (November 16, 2021), Elliott filed two separate court filings claiming entitlement to postjudgment collection costs, including attorney's fees. First, at 2:13 p.m., she filed a verified memorandum of costs (hereafter, the November Memorandum of Costs) seeking $13,789.10 in postjudgment collection costs, including $12,941.20 in attorney's fees and $847.90 in other costs. She served the November Memorandum of Costs on Briggs by mailing it to his law office in Upland, California.[3] Second, at 4:06 p.m., Elliott filed a noticed motion requesting the same amount in attorney's fees and other costs. Together with the motion, she filed declarations from her attorneys stating their hourly billing rates and describing the actions they took on her behalf to collect on the judgment.

On November 17, 2021, Briggs may—or may not—have served Elliott via first-class mail with a written demand to acknowledge satisfaction of the judgment under section 724.050. On appeal, Briggs maintains he served Elliott with the demand, while Elliott denies he did so. Although the parties dispute whether Briggs served the demand, they agree on the following: Elliott did not file an acknowledgement of full satisfaction with the court in response to the alleged demand; Briggs did not move for an order requiring Elliott to comply with the alleged demand before the issuance of the cost award that is the focus of this appeal; and the court made no express findings about whether Briggs in fact served Elliott with the alleged demand.

On December 6, 2021, Briggs filed an ex parte application asking the court to reschedule the hearing on Elliott's motion for attorney's fees and costs and to grant him other collection-related relief. Of relevance here, he

---

[3] The November Memorandum of Costs stated that no payments had been made to date in satisfaction of the judgment.

5

argued in his application that the requested relief was warranted because "full payment of the judgment ha[d] been tendered" to Elliott.

The following day, Elliott filed a declaration disputing Briggs' assertion that the judgment was satisfied. She averred that, on November 30, 2021, she told Briggs the cashier's check "did not satisfy the judgment in this case." Further, she stated that, on December 6, 2021, she emailed a letter to Briggs and his legal associate stating she was unable to cash the cashier's check because "[t]he judgment has <u>not</u> been paid in full; it does not include post-judgment fees and costs." Elliott appended a copy of the letter to her declaration.

At the hearing on Briggs' ex parte application, Elliott continued to argue that the cashier's check did not satisfy the judgment; she intended to pursue the fees and costs she had incurred to enforce the judgment; and she did not want to prejudice her ability to seek postjudgment fees and costs by cashing the check. In response to these arguments, the court assured Elliott she could cash the cashier's check without fear of repercussions. The court also issued a minute order that stated, "The Court notes Mrs. Elliott is able to cash the cashier's check without any fear of repercussions."

On December 17, 2021, in reliance on the trial court's representations, Elliott cashed the $31,450.09 cashier's check.

On January 13, 2022, Briggs opposed Elliott's motion for attorney's fees and costs. He argued she was not entitled to the requested fees and costs because he delivered the cashier's check to her—and satisfied the judgment in full—hours before she filed her motion for fees and costs. Additionally, he claimed she failed to establish that her requested fees and costs were reasonable.

6

On January 20, 2022, Elliott filed a reply in support of her motion for attorney's fees and costs. She argued her receipt of the cashier's check did not constitute satisfaction of the judgment because she told Briggs that the check was insufficient, she filed the November Memorandum of Costs and the motion for fees and costs before cashing the cashier's check, and she only cashed the cashier's check on the court's representation that she could do so without fear of repercussion. Additionally, she argued that Briggs, at minimum, waived his right to oppose the costs claimed in the November Memorandum of Costs because he did not timely move to strike those costs (even though he opposed her separate motion for fees and costs).

On January 28, 2022, the court issued an order awarding Elliott $13,789.10 in postjudgment costs as set forth in the November Memorandum of Costs, as well as $2,294.07 in postjudgment interest.[4] The court found Elliott was entitled to the costs claimed in the November Memorandum of Costs because Briggs did not file a timely motion to tax the costs, as required by section 685.070, subdivisions (c) and (d). After factoring in the $31,450.09 cashier's check Briggs previously sent to Elliott, the court found the total amount of unpaid costs and fees was $14,326.08. In light of the award of postjudgment costs pursuant to the November Memorandum of Costs, the court denied Elliott's motion for attorney's fees and costs as moot.

Briggs timely appealed from the cost award dated January 28, 2022.[5]

---

[4] The court calculated interest by multiplying $8.135 (the daily interest rate) by 282 (the number of days that elapsed from date of entry of judgment through the date the cost award was issued).

[5] In their appellate briefs, the parties discuss several developments that purportedly occurred after the trial court issued the cost order that is the subject of this appeal. Because these developments have no bearing on the challenged order, we omit any discussion of them from the opinion.

III

DISCUSSION

A. *Background Principles*

The anti-SLAPP statute "enables courts, early in litigation, to strike meritless claims in lawsuits when those claims risk chilling 'continued participation in matters of public significance.' " (*Serova v. Sony Music Entertainment* (2022) 13 Cal.5th 859, 871.) The anti-SLAPP statute has a cost-shifting provision providing that, in general, "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs." (§ 425.16, subd. (c)(1).) The fee-shifting provision was intended to discourage "strategic lawsuits against public participation by imposing the litigation costs on the party seeking to 'chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.' " (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131 (*Ketchum*).)

Procedurally, a defendant who prevails on an anti-SLAPP motion has three avenues by which to seek prejudgment attorney's fees relating to the filing of the anti-SLAPP motion: (1) in the anti-SLAPP motion itself; (2) by a subsequent noticed motion; or (3) as part of a memorandum of costs (also known as a cost bill). (*Catlin Ins. Co. v. Danko Meredith Law Firm, Inc.* (2022) 73 Cal.App.5th 764, 773; see § 1033.5, subd. (c)(5)(A) ["Attorney's fees allowable as costs ... may be fixed as follows: (i) upon a noticed motion, (ii) at the time a statement of decision is rendered, (iii) upon application supported

---

For the same reason, we deny Briggs' requests for judicial notice of the following: (1) the days of the week for dates on or after January 28, 2022, which Briggs claims are relevant to events that allegedly took place after the challenged order; and (2) the alleged fact that Briggs procured and served Elliott with a cashier's check to satisfy the challenged cost order. We also deny Briggs' request that we take judicial notice of his proffered definition of "cashier's check," which is irrelevant to the disposition of the appeal.

8

by affidavit made concurrently with a claim for other costs"].) Here, Elliott requested prejudgment costs and fees as part of her anti-SLAPP motion and, after the trial court granted her anti-SLAPP motion, she filed the April Memorandum of Costs specifying her prejudgment costs. These prejudgment costs and fees are not at issue in this appeal.

A successful anti-SLAPP defendant is also entitled to recover certain postjudgment costs, including attorney's fees, relating to the enforcement of the judgment. Section 685.040 states that a judgment creditor "is entitled to the reasonable and necessary costs of enforcing a judgment," which includes attorney's fees in instances where the fees are "otherwise provided by law." (§ 685.040.) A successful anti-SLAPP motion is one such instance in which a judgment creditor is legally entitled to recover enforcement-related attorney's fees. (*Ketchum, supra*, 24 Cal.4th at p. 1141, fn. 6 ["Because Code of Civil Procedure section 425.16, subdivision (c) provides a legal right to attorney fees, they are a permissible item of costs" in a postjudgment cost award]; *York v. Strong* (2015) 234 Cal.App.4th 1471, 1478 ["attorney fees incurred in the enforcement of an anti-SLAPP attorney fee award are recoverable costs under section 685.040"]; accord *Conservatorship of McQueen* (2014) 59 Cal.4th 602, 614 ["when a fee-shifting statute provides the substantive authority for an award of attorney fees, any such fees incurred in enforcement of the judgment are within the scope of section 685.040"].)

"Sections 685.070 and 685.080 allow a judgment creditor to pursue two alternative means of claiming postjudgment costs, including fees, incurred in enforcing a judgment: (1) by a memorandum of costs (§ 685.070) or (2) by a noticed motion (§ 685.080)." (*Highland Springs Conference & Training Center v. City of Banning* (2019) 42 Cal.App.5th 416, 424 (*Highland Springs*); see also *David S. Karton, A Law Corp. v. Dougherty* (2009) 171 Cal.App.4th

9

133, 145 ["The judgment creditor may seek to recover attorney's fees incurred in enforcing a judgment by filing either a 'memorandum of costs' under section 685.070, subdivision (b), or a 'noticed motion' under section 685.080, subdivision (a)."] (*Karton*).)

"Under section 685.070, the judgment creditor may claim costs listed in section 685.070, together with attorney fees 'if allowed by Section 685.040' by filing and serving a memorandum of costs on the judgment debtor, no later than two years after the costs have been incurred, and before the judgment is fully satisfied.  (§ 685.070, subds. (a), (b).)  Within 10 days after the cost memorandum is served, the judgment debtor may file a motion to have the costs taxed by the court.  (§ 685.070, subd. (c).)" (*Highland Springs, supra*, 42 Cal.App.5th at p. 424.)  The deadline to file a motion to tax costs is extended by five calendar days where, as here, the judgment creditor serves the memorandum of costs on the judgment debtor by mail at an address in California.  (§§ 685.070, subd. (f); 1030, subd. (a).)  If the judgment debtor does not timely move to tax costs, "the costs claimed in the memorandum *are allowed*."  (§ 685.070, subd. (d), italics added.)  In the present case, Elliott claimed postjudgment collection costs in the November Memorandum of Costs and the court awarded her the claimed costs, plus interest.  Briggs challenges this cost award on appeal.

"If the judgment creditor claims costs by noticed motion (§ 685.080), the judgment creditor may claim all of the costs listed in section 685.070, plus additional costs, plus attorney fees if allowed by section 685.040.  (§ 685.080, subd. (a).)  Like a memorandum of costs (§ 685.070), a noticed motion for costs (§ 685.080) must be filed and served no later than two years after the costs have been incurred, and before the judgment is fully satisfied (§ 685.080, subd. (a))." (*Highland Springs, supra*, 42 Cal.App.5th at p. 424.)

10

Elliott filed a motion requesting postjudgment fees and costs, but the trial court denied the motion as moot based on its order awarding her postjudgment fees and costs under the November Memorandum of Costs.

B. *The Trial Court Properly Allowed the Postjudgment Costs Claimed in the November Memorandum of Costs*

Briggs challenges the postjudgment cost award on several bases. His principal argument is that Elliott was not entitled to any costs because the November Memorandum of Costs and the motion for fees and costs were both untimely. He notes that a judgment creditor may only seek postjudgment enforcement costs *before* the judgment is fully satisfied, regardless of whether the judgment creditor pursues such costs through a memorandum of costs or a motion (or both, as was the case here). (§§ 685.070, subd. (b); 685.080, subd. (a).) According to Briggs, the judgment in this case was fully satisfied when Elliott received the $31,450.09 cashier's check—which occurred before she filed the November Memorandum of Costs and the motion for fees and costs. Apart from challenging the cost award based on timeliness, Briggs argues the award should be reversed because a motion (not a memorandum of costs) is the proper vehicle for a judgment creditor to seek enforcement costs, the fees and costs claimed here were unreasonable, and the court miscalculated accrued interest in its cost award.

Elliott defends the cost award on grounds that Briggs did not file a timely motion to tax the costs in the November Memorandum of Costs. She contends the trial court was required to award her the costs in the November Memorandum of Costs based on Briggs' failure to timely move to tax the costs. On the merits, she claims her receipt of the cashier's check did not satisfy the judgment, and did not render the November Memorandum of Costs untimely, because she told Briggs the cashier's check was insufficient, she refrained from cashing the cashier's check until after she filed the

11

November Memorandum of Costs, Briggs impliedly agreed that her cashing of the cashier's check would not constitute full satisfaction of the judgment,[6] and she cashed the cashier's check based on the court's assurances that she would suffer no repercussions for doing so. Further, she argues a judgment creditor has discretion whether to pursue judgment enforcement costs through a memorandum of costs (§ 685.070, subd. (a)) or a motion (§ 685.080, subd. (a)), or both, and the fees and costs awarded to her were reasonable.

We agree with Elliott that Briggs forfeited his arguments pertaining to the costs claimed in the November Memorandum of Costs, and the costs awarded thereunder, because he did not file a timely motion to tax those costs. As noted, Elliott filed the November Memorandum of Costs on November 16, 2021, and served her filing on Briggs by mailing it to his law office in Upland, California. Under section 685.070, subdivision (c), a judgment debtor has 10 calendar days from the service of a memorandum of costs to file a motion to tax costs, plus five additional days where, as here, service is accomplished by sending the filing in the mail to a domestic address. (§§ 685.070, subds. (c), (f); 1030, subd. (a).) Thus, Briggs had 15 days from the date of filing—i.e., until December 1, 2021—to move to tax the costs claimed in the November Memorandum of Costs. He did not do so.

Section 685.070, subdivision (d), states that, "If no motion to tax costs is made within the time provided ... the costs claimed in the memorandum *are allowed*." (§ 685.070, subd. (d), italics added.) In essence, "[s]ection 685.070 provides that if the judgment creditor files a memorandum of costs and the judgment debtor does not timely file a motion to tax costs, then the court is

---

[6]    Elliott argues that Briggs impliedly agreed she could cash the cashier's check, without satisfying the judgment in full, because he did not object when the trial court assured her that she could cash the cashier's check and still pursue costs pertaining to the enforcement of the judgment.

12

*required* to allow *all* of the costs claimed in the memorandum of costs." (*Karton, supra,* 171 Cal.App.4th at p. 147, italics added; see also Ahart, Cal. Practice Guide: Enforcing Judgments and Debts (The Rutter Group 2022) ¶ 6:51 ["If a timely motion to tax is not filed by the judgment debtor, enforcement costs claimed in the judgment creditor's Memorandum are *automatically* allowed and added to the judgment."], italics added.)

Thus, the trial court was required to award Elliott the costs specified in the November Memorandum of Costs when Briggs failed to file a timely motion to tax costs. Or, stated another way, Briggs' " 'failure to file a motion to tax costs constitute[d] a waiver of the right to object' " to the claimed costs. (*Douglas v. Willis* (1994) 27 Cal.App.4th 287, 289–290, quoting *Santos v. Civil Service Bd.* (1987) 193 Cal.App.3d 1442, 1447; see also *Jimenez v. City of Oxnard* (1982) 134 Cal.App.3d 856, 858–859 [plaintiffs waived right to contest costs claimed in memorandum of costs by failing to file timely motion to tax costs]; *Davis Lumber Co. v. Hubbell* (1955) 137 Cal.App.2d 148, 151, quoting *San Francisco Unified School Dist. v. Bd. of Nat. Missions* (1954) 129 Cal.App.2d 236, 243 [" 'The burden of attacking [a cost bill] rests upon the party who will have to pay the costs, and if he fails to move within the time allowed he is "conclusively" presumed to have waived such irregularity.' "].)

Briggs acknowledges he did not file a motion to tax costs, but argues the trial court nonetheless erred in awarding Elliott her claimed costs. In particular, he argues it was unnecessary for him to file a standalone motion to tax costs because he filed an opposition to Elliott's motion for attorney's

13

fees and costs and, in his opposition, he raised at least some of the arguments he would have made if he had filed a motion to tax costs.[7]

We are not persuaded. Under section 685.070, subdivisions (c) and (f), Briggs' deadline to move to tax the costs identified in the November Memorandum of Costs was December 1, 2021. But he did not file his opposition to Elliott's motion for attorney's costs and fees until January 13, 2022—about six weeks later. Thus, even if we were to liberally construe Briggs' opposition as the functional equivalent of a motion to tax costs, Briggs' filing was clearly untimely for purposes of section 685.070, and therefore properly disregarded. On this basis, the court correctly awarded Elliott her claimed costs, plus interest. (*Alan S. v. Superior Court* (2009) 172 Cal.App.4th 238, 260–261 [mother's "objections" to costs claimed in father's memorandum of costs were the functional equivalent of a motion to tax costs, but father was nonetheless entitled to all claimed costs because mother did not raise her specific objections to father's claimed costs in a timely manner].)

Briggs also argues it was "unreasonable" for the court to require him to move to tax costs by December 1, 2021, because he served Elliott with a section 724.050 demand to acknowledge satisfaction of the judgment on

---

[7] We note that Briggs did not present all of his appellate arguments in his opposition to Elliott's motion for attorney's fees and costs and, therefore, it appears those arguments are not preserved for our review. For instance, he did not argue that a motion (rather than a memorandum of costs) is the proper vehicle through which to seek postjudgment enforcement fees. He also did not argue that interest ceases to accrue on any partially satisfied portion of the judgment. Indeed, he did not make the latter argument to the trial court until February 9, 2022, several weeks *after* the court issued the challenged cost award; even then, he made the argument in a perfunctory manner in a footnote. (See *Holden v. City of San Diego* (2019) 43 Cal.App.5th 404, 419 [argument raised in footnote in trial court not preserved for appellate review].)

14

November 17, 2021, and her deadline to reply was December 7, 2021—*after* his deadline to move to tax costs. According to Briggs, he should not have been required to "expend resources" moving to tax costs when there was a possibility Elliott might comply with the demand and file an acknowledgment that the judgment was satisfied. This argument fares no better.

"Chapter 1, division 5 of Code of Civil Procedure section 724.010 et seq. sets forth the procedures for satisfaction of judgment." (*Quintana v. Gibson* (2003) 113 Cal.App.4th 89, 92.) "A money judgment may be satisfied by payment of the full amount required to satisfy the judgment or by acceptance by the judgment creditor of a lesser sum in full satisfaction of the judgment." (§ 724.010, subd. (a).) In general, a judgment creditor must immediately file an acknowledgement of satisfaction of judgment with the court when a money judgment is satisfied. (§ 724.030.) Section 724.050 supplies the procedure for a judgment debtor who has satisfied a money judgment to obtain an acknowledgement of satisfaction of judgment or, alternatively, a satisfaction of judgment from the court, in cases where the judgment creditor does *not* immediately file an acknowledgement of satisfaction of judgment.

Section 724.050 states, in part, "(a) If a money judgment has been satisfied, the judgment debtor ... may serve ... the judgment creditor a demand in writing that the judgment creditor do one or both of the following: [¶] (1) File an acknowledgment of satisfaction of judgment with the court. [¶] (2) Execute, acknowledge, and deliver an acknowledgment of satisfaction of judgment to the person who made the demand. [¶] ... [¶] (c) If the judgment has been satisfied, the judgment creditor shall comply with the demand not later than 15 days after actual receipt of the demand. [¶] (d) If the judgment creditor does not comply with the demand within the time allowed, the person making the demand may apply to the court on noticed motion for an

15

order requiring the judgment creditor to comply with the demand. ... If the court determines that the judgment has been satisfied and that the judgment creditor has not complied with the demand, the court shall either (1) order the judgment creditor to comply with the demand or (2) order the court clerk to enter satisfaction of the judgment." (§ 724.050, subds. (a), (c), (d).)

As noted, Briggs claims the trial court should have excused his failure to file a timely motion to tax costs because he served Elliott with a demand to acknowledge satisfaction of the judgment on November 17, 2021, and she had not responded to the demand as of December 1, 2021, the deadline for his motion to tax costs. Briggs' argument is unavailing. As an initial matter, Elliott denies she was served the demand to acknowledge satisfaction of the judgment and the trial court made no express findings that Briggs served it. Regardless, even if we assume Briggs served Elliott with the demand to acknowledge satisfaction of the judgment, his argument fails on the merits.

The statutory deadline for a judgment debtor to move to tax costs (§ 685.070, subd. (c)) and the statutory deadline for a judgment creditor to respond to a demand to acknowledge satisfaction of the judgment (§ 724.050, subd. (c)) operate independently of one another, and a party's duty to comply with one deadline does not alter the other party's duty to comply with the other deadline. Thus, a judgment debtor seeking to challenge costs claimed in a memorandum of costs must move to protect his or her rights through a timely motion to tax, irrespective of whether the judgment debtor has served the judgment creditor with a demand to acknowledge satisfaction of the judgment. Indeed, we are aware of no legal authority—and Briggs directs us to none—excusing a judgment debtor from satisfying the statutory deadline to move to tax costs merely because a judgment creditor might, at some point in the near future, file an acknowledgment of satisfaction of the judgment.

16

Further, the mere service of a demand to acknowledge satisfaction of the judgment does not constitute a valid reason for a trial court to disallow collection costs claimed in a memorandum of costs where no timely motion to tax costs has been filed. On the contrary, a court has a "mandatory" duty to allow such costs where, as here, the judgment debtor does not move to tax costs in a timely manner. (*Lucky United Properties Investment, Inc. v. Lee* (2010) 185 Cal.App.4th 125, 146.) "There are no exceptions to this rule." (*Ibid.*) In light of this mandatory duty, Briggs' alleged service of a demand to acknowledge satisfaction of the judgment did not excuse him from complying with the statutory deadline governing the filing of a motion to tax costs, nor did it give the trial court cause to disallow the costs claimed by Elliott.

To recap: the trial court properly awarded Elliott the costs claimed in the November Memorandum of Costs because Briggs did not timely move to tax those costs. (§ 685.070, subd. (d).) Briggs was not excused from filing a timely motion to tax costs by his belated filing of an opposition to Elliott's motion for attorney's fees and costs *after* the statutory deadline to move to tax costs had passed, nor was he excused by his alleged (and disputed) service of a written demand to acknowledge satisfaction of the judgment. We express no opinion on the validity of any cost or fees award issued subsequent to the challenged cost award dated January 28, 2022.[8]

---

[8]    Without citation to pertinent legal authority, Briggs asks this court to "remand" the matter, in lieu of affirming the cost order, so that he may move for reconsideration of the cost order (§ 1008) or move for relief from the cost order based on his attorney's purported mistake, inadvertence, surprise, or neglect (§ 473). We deny Briggs' unsupported request for a "remand."

17

IV

DISPOSITION

The postjudgment order dated January 28, 2022, is affirmed.

Respondent is entitled to her costs and fees on appeal, if any, in an amount to be determined by the trial court. (§ 425.16, subd. (c); *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785.)


McCONNELL, P. J.

WE CONCUR:


DO, J.


KELETY, J.

18

Filed 6/16/23

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CORY BRIGGS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MARA ELLIOTT,<br><br>    Defendant and Respondent. | D080283<br><br><br><br>(Super. Ct. No. 37-2020-<br>00039312-CU-DF-CTL) |

THE COURT:

The opinion in this case filed May 26, 2023 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.

McCONNELL, P. J.

Copies to:  All parties